SYLVIA LIVA, PROSECUTOR, v. BOARD OF EDUCATION OF THE TOWNSHIP OF LYNDHURST ET AL., DEFENDANTS.

Argued October 2, 1940—Decided March 15, 1941.

Before Justices Case, Donges and Heher.

For the prosecutor, *Robinson & Morris*.

For the defendants, *Nicholas A. Carella*.

The opinion of the court was delivered by

Donges, J. This writ of *certiorari* brings up for review the judgment of the State Board of Education, rendered January 13th, 1940, affirming the decision of the Commissioner of Education in a proceeding instituted by prosecutor, Sylvia Liva, to set aside a resolution of the Board of Education of the Township of Lyndhurst, adopted April 11th, 1939, in and by which increment in salary was granted to elementary school teachers specified in said resolution, prosecutor not being named therein.

Prosecutor bases her claim on the ground that she was excluded because she was a married woman; that increases were granted only to single female teachers, who were under tenure.

Prosecutor asserts that the resolution in question violates the provisions of *R. S.* 18:13-10 (enacted as chapter 238 of laws of 1925) which reads as follows:

"No discrimination based on sex shall be made in the formulation of a scale of wages, compensation, appointment, assignment, promotion, transfer, resignation, dismissal, or other matter pertaining to the employment of teachers in any school, college, university, or other educational institution supported in whole or in part by public funds. Where any such school, college, university, or other educational institution is open to members of one sex only, teachers of that sex may be employed exclusively."

In our view this statute is not applicable, because the alleged discrimination was not based upon sex. As a matter of fact, the record discloses that all of the teachers who were granted increases of salary by the resolution in question were females, no increases having been granted to male teachers; and not all of the single teachers were given increases, as appears by the testimony of the clerk of the board. He testi-

fied that the resolution did not provide increases for eight single female teachers in the low bracket of salary and one male teacher.

It appears conclusively from the record that there was no discrimination by reason of sex in the action of the board in the fixing of salaries for the school year in question.

What the board did was to receive from its teachers committee a recommendation that certain listed female teachers be granted certain increases.

*R. S.* 18:13-5 provides "A board of education may make rules and regulations not inconsistent with the provisions of this title governing the engagement and employment of teachers and principals, the terms and tenure of the employment, the promotion and dismissal of teachers and principals, and the salaries and the time and mode of payment thereof."

The local board on January 25th, 1938, adopted certain rules and regulations, one of which provided:

"Teachers Committee

"Shall be empowered to recommend to the Board of Education the appointment of any teacher, providing such applicant possesses the necessary qualifications and is acceptable to the Supervising Principal. Shall recommend the increase or decrease of compensation, transfer, elevation, dismissal or other change in status of any member of the faculty personnel."

On April 11th, 1939, the same rule was adopted by the board, and, thereafter, the board adopted the report of the teachers committee, which consisted of a complete list of all teachers under tenure, male and female, and the recommended salaries noted after the names of the teachers, for the school year 1939-1940. This action was clearly within the power of the board, and, as held by the Commissioner of Education and the State Board of Education, did not constitute a salary schedule in violation of *R. S.* 18:13-10.

It is also urged that a salary schedule adopted by the local board on June 26th, 1928, was still in effect and thereunder prosecutor was entitled to an increase in salary. The uncontradicted evidence is that no increases in salary based on the 1928 schedule were granted after 1930 to any teachers. The

reviewing authorities held that the local board having failed either to adopt or to act under the 1928 schedule for many years, it was not in effect. We agree with this conclusion. In any event, the action of the board in 1938 and 1939 in providing for a teachers committee and the submission of any changes in salary by that committee would effect a repeal of the 1928 schedule.

There is no statute brought to our attention which requires the local board to fix any specified sum as salary for a teacher. It is entirely in the discretion of the local board. *Regan* v. *State Board,* 109 *N. J. L.* 1; *affirmed,* 112 *Id.* 196. Nor is there any statute prohibiting discrimination in the fixing of salaries as between married and unmarried teachers. There is a prohibition, as stated, against discrimination by reason of sex. In *Downs et al.* v. *Board of Education of Hoboken,* 12 *N. J. Mis. R.* 345 (at *p.* 349), it was said: "* * * and we cannot say, even though they dismissed married or non-resident women teachers, giving preference in continued employment to residents of the school district and to those who would normally be dependent upon themselves for livelihood, that such action was an abuse of discretion or evidence of bad faith."

Prosecutor urges, further, that the adoption of the resolution under review is void because it denies her the equal protection of the law, and violates article XIV, section 1, of the Constitution of the United States. But, the fixation of salaries is within the express power of the local board. The action does not offend any statutory regulation. As held in *Downs et al.* v. *Hoboken, supra,* the motives, reasons and considerations of the local board in so acting are not evidence of bad faith. The prosecutor has not shown any legal right to an increase in salary, and, therefore, no equal protection of the law has been denied her. She holds her position by virtue of á contract and not by virtue of any right guaranteed by the constitution. Subject to the regulations of the school law, the local board was at liberty to contract with its teachers as it saw fit.

The judgment of the State Board of Education will be affirmed and the writ discharged, with costs.