PAUL I. REDCAY, PROSECUTOR, v. STATE BOARD OF EDUCATION AND BOARD OF EDUCATION OF THE TOWNSHIP OF MIDDLETOWN, MONMOUTH COUNTY, RESPONDENTS.

Argued May 4, 1943—Decided July 28, 1943.

Before BROGAN, CHIEF JUSTICE, and Justice BODINE.

For the prosecutor, *Lester C. Leonard.*

For the respondents, *David T. Wilentz, Lawrence A. Carton* and *Arthur T. Vanderbilt.*

The opinion of the court was delivered by

BODINE, J. The prosecutor of this writ was dismissed as principal of the Middletown Township high school. Written charges were preferred against him. He was accorded a full hearing. The testimony was voluminous and the exhibits many. The action taken was sustained by the Commissioner of Education and by the State Board. The case had previously been remanded to that Board for the reasons stated in *Redcay* v. *State Board of Education,* 128 *N. J. L.* 281. Upon a rehearing, the decision of the Commissioner of Education was affirmed by the State Board with the active participation of the members present.

Prosecutor's counsel argues that his client had a yearly contract for employment as a school principal and that, therefore, he could not, if unfit, be dismissed from his position and certainly not for his conduct prior to the making of that contract on April 1st, 1939.

Mr. Redcay had been principal for about seventeen years. It is clear to us that teachers, who have acquired tenure, are subject to the provisions of the tenure statutes and that all contracts for services are subject to those acts. The school system is a service rendered to those who must attend school. The system cannot function except by the services of capable and efficient principals and teachers.

The proceedings under review were taken pursuant to the school law. It provides that "the services of all teachers, principals and supervising principals of the public schools * * * shall be during good behavior and efficiency" after three years of service in the district (*R. S.* 18:13–16).

The section authorizing dismissal of such tenure teachers, and under whose provisions prosecutor was dismissed, is as follows: "No teacher, principal, or supervising principal under the tenure referred to in section 18:13–16 of this title shall be dismissed or subjected to a reduction of salary in the school district except for inefficiency, incapacity, conduct unbecoming a teacher or other just cause and after a written charge of the cause or causes has been preferred against him, signed by the person or persons making the same, and filed with the secretary or clerk of the board of education having control of the school in which the service is being rendered, and after the charge has been examined into and found true in fact by the board of education upon reasonable notice to the person charged, who may be represented by counsel at the hearing. Charges may be filed by any person, whether a member of the school board or not." *R. S.* 18:13–17.

The statute lays down the procedure. It was duly followed. The Commissioner and the State Board concurred in the findings. An inefficient and incapable principal may do great injury to both pupils and teachers. When the charges of such conduct have been clearly proved, the removal should be easy and prompt. *Devault* v. *Mayor of Camden,* 48 *N. J.*

*L.* 433. Nor are we concerned in searching for more than to find that there was a rational basis for such determination if the proceedings were regular. *Alcutt* v. *Police Commissioners,* 66 *Id.* 173. The proofs abundantly support the action taken.

It is not argued that there was not a just cause for his removal, but that the action was illegal because he had a contract. He had no contract made pursuant to statute *R. S.* 18:13–7, and there was no proof that the Board of Education had made rules pursuant to *R. S.* 18:13–5. He had, however, tenure only and was subject to removal for cause. The tenure law creates no contract. *Phelps* v. *Board of Education,* 115 *N. J. L.* 310; *affirmed,* 116 *Id.* 412; *affirmed,* 300 *U. S.* 319; *Steck* v. *Board of Education,* 123 *N. J. L.* 158; *affirmed,* 124 *Id.* 132; *Greenway* v. *Board of Education,* 129 *Id.* 461.

The cases cited by counsel for the prosecutor have no pertinency whatever. Persons are, of course, free to contract for their labor and services in industry. The public school is, however, a public service subject to legislative direction in the public interest.

It was also claimed that incidents prior to July 1st, 1939, the date of the alleged contract which we have seen was not a contract, should not have been considered. We think they should. Unfitness for a task is best shown by numerous incidents. Unfitness for a position under the school system is best evidenced by a series of incidents. Unfitness to hold a post might be shown by one incident, if sufficiently flagrant, but it might also be shown by many incidents. Fitness may be shown either way. His was not an elective office where the citizens by their vote had made the selection. The evidence was overwhelming in scope and justified the action taken, and there is no reason whatever why the local board, the Commissioner of Education and the State Board should be reversed for technical reasons and no such reasons appear of record.

The removal proceedings having been in all respects proper and in accordance with the statute, the writ will be dismissed, with costs.