SARAH BOULT ET AL., PROSECUTORS-APPELLANTS, v. BOARD OF EDUCATION OF THE CITY OF PASSAIC ET AL., DEFENDANTS-RESPONDENTS.

Argued October 22, 1947—Decided January 29th, 1948.

For the prosecutors-appellants, *Gurtman & Schomer* (*William N. Gurtman*).

For the defendant-respondent Board of Education of the City of Passaic, *Riskin & Riskin* (*Philip W. Riskin*).

For the defendants-respondents John H. Bosshart, Commissioner of Education and State Board of Education, no appearance.

The opinion of the court was delivered by

SCHETTINO, J. This is an appeal from a judgment in the Supreme Court dismissing a writ of *certiorari* on the merits.

The Board of Education of the City of Passaic determined to discontinue the operation of one of its schools. From that determination appellants herein appealed to the State Commissioner of Education who, after a hearing, affirmed the action of the local board. A further appeal was prosecuted to the State Board of Education which affirmed the action of the State Commissioner of Education.

The writ of *certiorari* was thereupon allowed. We agree with the Supreme Court that the local board of education "had jurisdiction, in its discretion and of its own motion, to discontinue one of the public schools of that city." *Boult* v. *Board of Education of Passaic (Supreme Court,* 1947), 135 *N. J. L.* 329, 330.

Appellants contend that the Commissioner of Education erred in rejecting an offer of proof in support of an allegation that the local board's action constituted an unreasonable exercise of and an abuse of discretion. The state of case does not contain a transcript of the hearing. In the opinion of the Commissioner of Education appears the following:

"Counsel for petitioners stated that the petitioners did not charge dishonesty, fraud, or illegality on the part of the board, but intended to present composite testimony to establish that the Board of Education had exercised its discretion unreasonably and had been guilty of an abuse of discretion. When the Assistant Commissioner asked what showing of unreasonable exercise of discretion the petitioners would make, counsel replied that they would show that the board's action to close the school was the result of an erroneous conclusion based upon incorrect information and that all the estimated savings and other advantages claimed in the recommendations had not been accomplished."

The offer was rejected by the Commissioner.

*R. S.* 18:3–14 provides:

"The commissioner shall decide without cost to the parties all controversies and disputes arising under the school laws,

or under the rules and regulations of the state board or of the commissioner.

"The facts involved in any controversy or dispute shall, if required by the commissioner, be made known to him by the parties by written statements verified by oath and accompanied by certified copies of all documents necessary to a full understanding of the question.

"The decision shall be binding until a decision thereon is given by the state board on appeal."

R. S. 18:3–15 provides in part:

"Decisions under section 18:3–14 of this title are subject to appeal to the state board."

Neither of the quoted statutory provisions was intended to vest in the appellate officer or body the authority to exercise originally the discretionary power vested in the local board. The review authorized of the local board's action here involved is judicial in nature. *Thompson* v. *Board of Education* (*Supreme Court*, 1895), 57 *N. J. L.* 628.

In exercising that reviewing power the Commissioner was properly guided by the principles governing the scope of judicial review of municipal action. The reviewing officer was not empowered to substitute his discretion for that of the local board. The offer of proof, as it is described in the Commissioner's opinion, amounted to nothing more than an offer to establish that the local board's determination was based upon erroneous factual material. Discretionary municipal action may not be judicially condemned on that basis. *Downs* v. *Board of Education of Hoboken* (*Supreme Court*, 1934). 12 *N. J. Mis. R.* 345; *affirmed, sub. nom. Flechtner* v. *Board of Education of Hoboken* (*Court of Errors and Appeals*, 1934). 113 *N. J. L.* 401; *Murphy* v. *Bayonne* (*Supreme Court*, 1943), 130 *Id.* 336.

Judgment is accordingly affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, HEHER, COLIE, WACHENFELD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO. JJ. 12.

*For reversal*—None.