60 N.J. Super. 288 (1960)
158 A.2d 842
ANN KOPERA, PETITIONER-APPELLANT,
v.
BOARD OF EDUCATION OF THE TOWN OF WEST ORANGE, ESSEX COUNTY, ET AL., RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 1959.
November 17, 1959.
Decided March 14, 1960.
*290 Before Judges PRICE, GAULKIN and FOLEY.
*291 Mr. Hymen B. Mintz argued the cause for the petitioner-appellant.
Mr. Samuel A. Christiano argued the cause for the respondent Board of Education of the Town of West Orange.
Mr. Murry Brochin, Deputy Attorney General, argued the cause for the respondent State Board of Education (Mr. David D. Furman, Attorney General, attorney).
The opinion of the court was delivered by GAULKIN, J.A.D.
Appellant, a tenure teacher of sewing, was denied an increment and a raise by the Board of Education of the Town of West Orange (West Orange) for the school year 1956-57 because the principal and the head of the Home Economics Department of her school had given her an "unsatisfactory" rating. The denial was affirmed by the State Commissioner of Education who, in turn, was affirmed by the State Board of Education. Hence this appeal. We directed, after the first oral argument in this appeal, that the State Board of Education be joined as a respondent.
West Orange admits that its 1956-57 salary schedule provided for a $200 increment and a $600 raise for teachers in appellant's category, but says that they were to be given only under the following regulations, which were a part of the salary schedule:
"All increases on all guides will be based on meritorious service. Favorable reports by the superintendent and those charged with supervisory responsibility, and approval by the Board of Education are a prerequisite to the granting of all increases in salary.

* * * * * * * *
3. Progress on the guides shall be automatic until the maximum is reached unless the services rendered are evaluated as unsatisfactory under the rules and regulations of the Board of Education.
4. If employees are rated unsatisfactory during the school year, progress on the guide shall be withheld for the following year. When the employee is again rated satisfactory, such employee will be *292 returned to that point on the guide corresponding to the years of service rendered in West Orange."
Appellant began to teach in West Orange in 1949. She had received a satisfactory rating for every year prior to 1956-57, and in the year 1955-56 had reached the $4,625 level. Because of the unsatisfactory rating she was paid the same sum for 1956-57. It is to be noted that $4,625 is more than the minimum fixed by R.S. 18:13-2 for teachers with appellant's training and experience. It may also be observed that for 1957-58 appellant was given a satisfactory rating, and in that year received the $600 raise and a $200 increment.
Appellant does not deny that in 1956-57, and for years before, West Orange demanded a satisfactory rating as a prerequisite for raise or increment. The record shows that for the year in question appellant was rated by the principal with the same techniques and upon the same forms (prescribed by West Orange) as he rated all other teachers, and that all teachers were rated annually. It was established that when a principal rated a teacher satisfactory no further evaluation was made, but when the rating was unsatisfactory the head of that teacher's department made an additional check. That was the reason the head of the Home Economics Department made the evaluation in the case at bar.
Appellant does not contend that the principal or the head of the Home Economics Department had any animosity or personal bias against her  on the contrary, appellant described the principal as friendly, patient and helpful. Nor does appellant appear to challenge, in any substantial measure, the facts upon which the evaluators based their conclusions that her performance was unsatisfactory. Appellant's chief argument is that those facts were not serious enough, even in the aggregate, to warrant the unsatisfactory rating, with its serious consequences.
Appellant first protested her rating to West Orange. She was advised by letter that "after a great deal of deliberation, *293 it was the decision of the Board that your contract salary as voted at the April meeting remain as established and that there be no change for the ensuing school year." There was no formal hearing before West Orange, nor is there anything in the record to indicate that one was requested. If there was an informal hearing, that, too, is not in the record.
Upon the appeal to the Commissioner there was heard, as he said in his opinion, "much testimony and argument as to the propriety of the evaluation of Miss Kopera's work * * *." However, the Commissioner did not make any findings upon that issue. Appellant contends that it was the Commissioner's duty to make his own independent findings whether the facts existed which West Orange claimed justified the rating, and then to say whether on the facts as he found them he agreed that the appellant's performance for the year in question was, in fact, unsatisfactory. In short, it is appellant's contention that she may be deprived of the increment and the raise only if West Orange proves that she was in fact unsatisfactory and, therefore, when she challenged her rating it was the burden of West Orange to prove its correctness in an adversary hearing of the type described in In re Masiello, 25 N.J. 590, 605-607 (1958), either before the local board or the Commissioner. Granting that the proceedings before the Commissioner constituted such a hearing, appellant contends that the decision of the Commissioner (affirmed by the State Board without opinion upon the record before the Commissioner) should nevertheless be reversed for lack of such findings and conclusions, or, at least, the case should be remanded to him to state them.
In answer, respondents point out that "the legal basis for the action appealed from determines the scope of review before the Commissioner," and therefore the Commissioner is not required to make findings of fact of the same type or scope in every appeal. Indeed, say respondents, he need not always find facts or even take testimony. R.S. 18:3-14; *294 Boult v. Board of Education of Passaic City, 136 N.J.L. 521 (E. & A. 1948); cf. Borough of Fanwood v. Rocco, 59 N.J. Super. 306 (App. Div. 1960).
Respondents contend that the granting of raises and increments above the statutory minimum is discretionary even under a salary guide; the only difference made by a salary guide being (as the Commissioner said in his opinion) "If a board adopts rules with respect to the application of a salary guide, then it must apply them without bias or prejudice." Fraser v. State Board of Education, 133 N.J.L. 15 (Sup. Ct. 1945), affirmed 133 N.J.L. 597 (E. & A. 1946); Offhouse v. State Board of Education, 131 N.J.L. 391 (Sup. Ct. 1944), appeal dismissed 323 U.S. 667, 65 S.Ct. 68, 89 L.Ed. 542 (1944); Greenway v. Board of Education of City of Camden, 129 N.J.L. 461 (E. & A. 1943); Liva v. Board of Education, Lyndhurst Tp., 126 N.J.L. 221 (Sup. Ct. 1941).
We hold that it is lawful and reasonable for West Orange to require "favorable reports by superintendents and those charged with supervisory responsibility and approval by the Board of Education [as] a prerequisite to the granting of all increases in salary." See Fraser v. State Board of Education, supra; Liva v. Board of Education, Lyndhurst Tp., supra; Heinlein v. Anaheim Union High School District, 96 Cal. App.2d 19, 214 P.2d 536 (Cal. App. 1950).
Respondents point to the well established rule that action of the local board which lies within the area of its discretionary powers may not be upset unless patently arbitrary, without rational basis or induced by improper motives. Boult v. Board of Education of Passaic City, supra; Fraser v. State Board of Education, supra; Offhouse v. State Board of Education, supra; Greenway v. Board of Education of City of Camden, supra. Hence, say respondents, since appellant failed to obtain the required "favorable reports" through no fault of West Orange and not because of any bias or prejudice, and since those who made the evaluation admittedly acted in good faith, there may be no inquiry as *295 to whether the evaluation was too severe. Therefore, say respondents, the only question the Commissioner was called upon to decide was whether West Orange had the right to require a satisfactory rating as a condition precedent to a raise or an increment. Since that was a question of law (cf. Masiello, supra, 25 N.J., at pages 606-607), respondents contend the Commissioner properly refrained from making findings of fact, and from saying whether he agreed with the rating. It may be that the Commissioner did intend so to limit his review, for he said in his opinion:
"Although there is much testimony and argument as to the propriety of the evaluation of Miss Kopera's work * * * it was at least established that she was given an unsatisfactory final rating for that year.

* * * * * * * *
A board of education is certainly within its statutory authority if it establishes satisfactory performance as a criterion for advancement in salary. Indeed, a board is given specific authority to deny a statutory increment under the minimum salary laws `* * * for inefficiency or other good cause. * * *' N.J.S.A. 18:13-13.7.
The petitioner has made no claim of any violation of any statute, any rule of the State Board of Education, or any rule adopted by the Board of Education of the Town of West Orange; neither has she claimed any bias or prejudice on the part of that board in denying her an increase in salary. The Commissioner, therefore, finds that the Board of Education of the Town of West Orange did not exceed its authority in denying the petitioner an increase in salary for the school year of 1956-1957.
The petition is dismissed."
Respondents say further that if this court determines that the Commissioner's scope of review was not so narrow, his widest power was to determine whether those who made the evaluation had a reasonable basis for their conclusions. As the Attorney General's brief says, "Under this view of the substantive law, the Commissioner could not properly redetermine for himself whether petitioner had in fact been unsatisfactory as a teacher; that issue would be irrelevant as a matter of law. The only question open for review by the Commissioner would be whether the Board had a reasonable basis for its factual conclusion." We hold that the *296 quoted statement accurately defines the review required here. Fraser v. State Board of Education, supra; cf Borough of Fanwood v. Rocco, supra.
In re Masiello, supra, is not to the contrary. In that case the Commissioner had taken the view that his function was "to study the proof in order to decide whether the action of the Board of Examiners was arbitrary or capricious or whether it was the result of bias or prejudice." 25 N.J., at page 605. The reason the Supreme Court said this was too narrow a view was because the issues did not involve discretion. The chief issue was the one of fact, i.e., whether Masiello had served the three years required for an administrator's certificate. It was an issue of the type presented in the "second class of cases" mentioned in Borough of Fanwood v. Rocco, supra, where we said "If the evidence is not there, no amount of `discretion' can supply the deficiency." In cases which turn upon a question of law (the "first class" of cases mentioned in Borough of Fanwood v. Rocco, supra) discretion also plays no part: hence the court said in Masiello, 25 N.J., at page 607, that the Commissioner must determine whether the action under review is violative of the law and, if it is, "the proper discharge of his duty requires corrective action." In the case at bar the challenged action is discretionary, even though that discretion is not completely uninhibited and, therefore, this case falls into the "third class" described in Borough of Fanwood v. Rocco, in which the scope of the Commissioner's review is, as respondents say, not to substitute his judgment for that of those who made the evaluation but to determine whether they had a reasonable basis for their conclusions.
However, since the proceeding before the Commissioner was the first "hearing" afforded appellant of the type specified in Masiello, supra, we think the Commissioner should have determined (1) whether the underlying facts were as those who made the evaluation claimed, and (2) whether it was unreasonable for them to conclude as *297 they did upon those facts, bearing in mind that they were experts, admittedly without bias or prejudice, and closely familiar with the mise en scene; and that the burden of proving unreasonableness is upon the appellant.
Since the Commissioner's opinion does not say what he found to be the underlying facts, nor whether he found the evaluation unreasonable, we must remand the case to the Commissioner for such findings or make them ourselves. Cf. Laba v. Newark Board of Education, 23 N.J. 364, 382 (1957). Respondents urge that we do the latter, citing R.R. 4:88-13; R.R. 1:5-4, 2:5, and Cullum v. Board of Education of Tp. of North Bergen, 15 N.J. 285, 294 (1954), especially since "by the admission of petitioner herself the facts are not contested; the parties disagree only as to the inference to be drawn therefrom." Were it only a matter of "finding" the underlying facts we might do it ourselves, but there is also the question whether the rating was unreasonable. This the Commissioner is doubtless better equipped than we are to judge, by reason of his training and experience. Cf. In re Masiello, supra, 25 N.J., at page 603; Borough of Fanwood v. Rocco, supra. Therefore, we deem it best to remand the case to him for the necessary findings.
Appellant further argues that the denial of the increment and the increase was in effect a reduction in salary of the appellant, and West Orange was, therefore, required to proceed in accordance with N.J.S.A. 18:13-17. That is not so. The failure to receive an increase of salary does not constitute a reduction. Offhouse v. State Board of Education, supra; Greenway v. Board of Education of City of Camden, supra; Liva v. Board of Education of Township of Lyndhurst, supra.
Appellant further argues that it was not proved that the rules had been formally adopted by West Orange. To begin with, we find that there is enough in the record to prove that they were adopted. Moreover, if the rules fall for lack of proof of adoption, the salary schedule does as well, and without the salary schedule appellant's case becomes weaker *298 still, for then the discretion of the local board in granting increases is not circumscribed even by a schedule. If it be appellant's argument that the adoption of the schedule was proved, but the adoption of the rules not, we would reach the same result, for West Orange would still have the right, even in the absence of a written rule, to refuse a raise or an increment to a poor teacher. N.J.S.A. 18:13-13.7 recognized that right and regulated its use in connection with employment increments or adjustment increments under L. 1954, c. 249, as amended by L. 1957, c. 153; and see Heinlein, supra.
Tenure is a status, a protection, not a contract. Redcay v. State Board of Education, 130 N.J.L. 369 (Sup. Ct. 1943), affirmed 131 N.J.L. 326 (E. & A. 1944). As a status, tenure protects all teachers who have it, the merely adequate as much as the excellent. However, that does not give all the same rights to increase or promotion. As was said in Redcay, supra, at page 370 of 130 N.J.L., "The system cannot function except by the services of capable and efficient principals and teachers," and local boards have the right to reward the capable and the efficient, provided they do it fairly, without bias, prejudice, favoritism or discrimination, and they have the right to adopt any reasonable means toward that end. West Orange followed rules which had been followed for years and which were known to all. Therefore, even if the rule were not adopted with sufficient formality it would make no difference, for it would then be, at least, an appropriate administrative mechanism, well known to all, which West Orange has the right to use to separate the able from the sufferable. Cf. Heinlein, supra.
The case will be remanded to the Commissioner for the findings and conclusions above mentioned. If he thinks any facts are in dispute, he will resolve them.
No costs.