**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3045-22

J.S. AND S.S. ON BEHALF
OF MINOR CHILD, A.S.,

     Petitioners-Respondents,

v.

BOARD OF EDUCATION OF
THE WEST MORRIS REGIONAL
HIGH SCHOOL DISTRICT,
MORRIS COUNTY,

     Respondent-Appellant.

_____

NEW JERSEY COMMISSIONER OF
EDUCATION,

     Respondent.

_____

        Submitted October 30, 2024 – Decided January 10, 2025

        Before Judges Marczyk and Paganelli.

        On appeal from the New Jersey Commissioner of Education, Docket No. 15-2/22.

Cleary Giacobbe Alfieri Jacobs, LLC, attorneys for appellant (Jodi S. Howlett, Danielle A. Panizzi, and Arsen Zartarian, on the briefs).

David R. Giles, attorney for respondents J.S. and S.S. on behalf of minor child A.S.

Matthew J. Platkin, Attorney General, attorney for respondent Commissioner of Education (Amna T. Toor, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Respondent Board of Education of the West Morris Regional High School District (Board) appeals from the April 24, 2023 final agency decision of the Acting Commissioner of Education (Commissioner) rejecting the Administrative Law Judge's (ALJ) initial decision and ordering the Board to provide A.S. with curb-to-curb transportation to and from her out-of-district placement beginning in the 2023-2024 school year. Based on our review of the record and the applicable legal principles, we affirm.

I.

We derive the facts from the record in this matter and from the plenary hearing of a separate administrative proceeding between the parties.[1] A.S. is a

_____

[1] The parties agreed to incorporate by reference all exhibits and testimony from a prior, related special education matter, J.S. & S.S., on behalf of A.S. v. Board

high school student with disabilities who has been deemed eligible for special education and related services. Her home is located on a steep mountain road in an area described as having a "very dangerous curve" without sidewalks or shoulders. Indeed, both parties do not dispute the road is "dangerous and hazardous."

The Board is responsible for providing A.S. with a free, appropriate public education. As such, it secured Sage Day High School (Sage) as an appropriate out-of-district placement to meet A.S.'s special education needs beginning in the 2021 school year. Furthermore, because A.S.'s remote residence from Sage entitles her to transportation services, N.J.A.C. 6A:27-1.3(a), the Board contracted with Cassidy Transportation Company (Cassidy) to transport A.S. to and from the school using a seven-passenger minivan.

Notably, prior to entering high school, A.S.'s previous school district used a school bus to pick up and drop off A.S. in front of her home. However, the transportation supervisor of West Morris Regional High School testified that,

of Education of West Morris Regional, No. EDS 08829-21, final decision (Dec. 7, 2022). There, the ALJ issued a final decision concluding the Board's failure to provide A.S. with curb-to-curb transportation to her out-of-district placement did not deny her access to free and appropriate education. That matter is on appeal before the United States District Court for the District of New Jersey.

A-3045-22

unlike a larger school bus, Cassidy's minivan does not have the capabilities to stop traffic with warning lights. Consequently, after viewing the transportation route, Cassidy determined that stopping directly in front of A.S.'s home would be unsafe due to the "hazardous conditions" of the road and the vehicle's inability to halt traffic safely.

As a result, Cassidy and the Board agreed to place A.S.'s bus stop at the municipal building located one-third of a mile down the road from her home, which was reflected in her individualized education program (IEP). However, A.S.'s parents indicated the road is too dangerous for her to walk to the assigned bus stop due to the lack of a shoulder or sidewalks. Concerned for her safety, they drove her to and from the municipal building bus stop every day.

In February 2022, J.S. and S.S. on behalf of A.S. filed a petition with the Department of Education (DOE) challenging the Board's decision not to provide her with curb-to-curb transportation as discriminatory. Specifically, petitioners alleged A.S. was denied curb-to-curb transportation—a service she would have received as a general education student—because she has disabilities. She sought a declaratory ruling that the Board violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12134; New Jersey's Law Against

A-3045-22

Discrimination (NJLAD), N.J.S.A. 10:5-1 to -50; and New Jersey's Equality and Equity in Education Law, N.J.S.A. 18A:36-20 and N.J.A.C. 6A:7-1.1.

The matter was transmitted to the Office of Administrative Law (OAL) and assigned to an ALJ. On January 30, 2023, the ALJ issued an initial decision, in which it found the Commissioner lacked jurisdiction over A.S.'s claims arising under Section 504, the ADA, and NJLAD but had jurisdiction to hear the Equality and Equity in Education claim. The ALJ ultimately rejected petitioners' claim finding the Board's actions did not discriminate against A.S. because her disability "may be a cause in fact, [but] it is not the only cause in fact." Thus, the ALJ concluded that "A.S. being picked up at the municipal building is an unintended consequence of the Board's implementation of A.S.'s IEP."

In April 2023, the matter returned to the Commissioner for a final decision, in which she rejected the ALJ's initial decision and determined the Board was "not meeting its responsibility to provide A.S. with appropriate transportation to and from school" under N.J.A.C. 6A:27-1.3(a). The Commissioner found the Board had not provided "persuasive evidence that it [was] incapable of safely stopping in front of A.S.'s" home "yet it [required A.S.] to walk along" the same hazardous road to her bus stop at the municipal building.

The Commissioner further stated "[A.S.'s] parents should not be burdened with the additional responsibility of driving her back and forth [to her assigned bus stop] because the Board has chosen a location that is indisputably unsafe for her to traverse on her own."

After considering the "treacherous route A.S. would be required to walk" and the prior history of school buses safely stopping in front of A.S.'s home, the Commissioner ordered the Board "to provide A.S. with curb-to-curb transportation to and from Sage beginning in the 2023-24 school year." The Commissioner commented the Board is free to use a larger school bus if it cannot meet its responsibility using the seven-passenger minivan.

II.

On appeal, the Board contends the Commissioner's final decision should be overturned as arbitrary, capricious, and unreasonable. It further argues the Commissioner failed to apply the arbitrary, capricious, or unreasonable standard to the Board's bus stop determination. The Board also asserts the Commissioner erred by imposing the burden of proof upon the Board to disprove petitioners' allegations. It also contends the Commissioner drew conclusions not supported by the record and that petitioners failed to prove discrimination.

A-3045-22

Our role in reviewing the final decision of an administrative agency is limited. In re Herrmann, 192 N.J. 19, 27 (2007). When a contested case is submitted to the OAL for a hearing, the agency head must review the record submitted by the ALJ and give attentive consideration to the ALJ's initial decision. N.J. Dep't of Pub. Advoc. v. N.J. Bd. of Pub. Util., 189 N.J. Super. 491, 506 (App. Div. 1983). The agency head nevertheless remains the primary factfinder and maintains the ultimate authority to reject or modify findings of fact, conclusions of law, or interpretations of agency policy. Id. at 507 (citing N.J.S.A. 52:14B-10(c)).

Established principles of law direct us not to upset an agency determination absent a showing that it was arbitrary, capricious, or unreasonable; that it lacked fair support in the evidence; or that it violated legislative policies. Lavezzi v. State, 219 N.J. 163, 171 (2014); Campbell v. Dep't of Civ. Serv., 39 N.J. 556, 562 (1963). The "final determination of an administrative agency . . . is entitled to substantial deference." In re Eastwick Coll. LPN-RN Bridge Program, 225 N.J. 533, 541 (2016). "A reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" In re Stallworth, 208 N.J. 182, 194 (2011) (quoting In re Carter, 191 N.J. 474, 483 (2007)).

To determine whether an agency action is arbitrary, capricious, or unreasonable, a reviewing court must examine:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Ibid. (quoting Carter, 191 N.J. at 482-83).]

"The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006).

We first address the Board's argument that the Commissioner erred by not applying the arbitrary, capricious, or unreasonable standard to the Board's determination regarding the location of the bus stop. It asserts we should vacate the Commissioner's final decision for failing to afford appropriate deference to its bus stop placement.

Specifically, the Board contends the Commissioner was not permitted to overturn the decision to assign A.S.'s bus stop at the municipal building in the absence of finding it was arbitrary, capricious, or unreasonable. It posits that decisions of local boards of education are entitled to a "presumption of

correctness" and must remain undisturbed unless shown to be arbitrary, capricious, or unreasonable. The Board argues the Commissioner failed to explicitly analyze its bus stop determination under that standard of review. It further alleges the Commissioner provided no legal basis for requiring a school district to place a bus stop at a child's home, or that the failure to do so is arbitrary, capricious, or unreasonable. The Board maintains it has broad discretion to efficiently operate its schools.

The Board's arguments are unavailing. The Commissioner has jurisdiction to "hear and determine . . . all controversies and disputes arising under . . . school laws." N.J.S.A. 18A:6-9. Our "Supreme Court 'has repeatedly reaffirmed the great breadth of the Commissioner's power'" to decide matters within its "fundamental and indispensable jurisdiction." Theodore v. Dover Bd. of Educ., 183 N.J. Super. 407, 412-13 (App. Div. 1982) (quoting Hinfey v. Matawan Reg'l Bd. of Educ., 77 N.J. 514, 525 (1978)). In a contested case, N.J.S.A. 52:14B-10(c) provides:

> The head of the agency, upon a review of the record submitted by the [ALJ], shall adopt, reject or modify the recommended report and decision no later than [forty-five] days after receipt of such recommendations. In reviewing the decision of an [ALJ], the agency head may reject or modify findings of fact, conclusions of law or interpretations of agency policy in the decision, but shall state clearly the reasons

for doing so. . . . In rejecting or modifying any findings of fact, the agency head shall state with particularity the reasons for rejecting the findings and shall make new or modified findings supported by sufficient, competent, and credible evidence in the record.

The Board cites Kopera v. Board of Education of West Orange for the "well established rule that action of the local board which lies within the area of its discretionary powers may not be upset unless patently arbitrary, without rational basis or induced by improper motives." 60 N.J. Super. 288, 294 (App. Div. 1960). In Kopera, we held the Commissioner did not have the ability to "redetermine for himself" whether a teacher's performance had been unsatisfactory for purposes of a salary increment and raise. Id. at 295. Notably, under the relevant statute, a board may withhold increments for "inefficiency or other good cause." Ibid. Thus, the statute "clearly was meant to vest local boards with the ability to withhold increments from teachers who had not performed well." Probst v. Bd. of Educ. of Borough of Haddonfield, 127 N.J. 518, 526 (1992). Accordingly, given the express discretionary power vested in the board, the Commissioner could not "substitute his judgment for that of" the board absent finding the board's decision lacked a reasonable basis. Kopera, 60 N.J. at 296.

The Board's reliance upon Kopera is misplaced. Although Kopera has been applied in similar contexts to afford some deference to local board determinations, it is most relevant in cases where a statute expressly prescribes a local board with discretionary decision-making authority. See, e.g., Parsippany-Troy Hills Educ. Ass'n v. Bd. of Educ. of Parsippany-Troy Hills Twp., 188 N.J. Super. 161, 166-67 (App. Div. 1983) (finding the relevant statutory provisions and code regulations provided a local board with discretion to decide school curriculums, subject to the Commissioner's review under Kopera).

Here, in contrast, the Commissioner relied upon the DOE regulation concerning student transportation, which states, "[d]istrict boards of education shall provide transportation to . . . students with disabilities who reside remote from their assigned school or who require transportation services in accordance with their [IEP]." N.J.A.C. 6A:27-1.3(a). Given the parties do not dispute A.S. resides remote from Sage, the regulatory code mandates the Board to provide her with transportation. However, it is otherwise silent on the Board's or Commissioner's discretionary authority to assign bus stops.

Notably, even presuming the Board has discretion to decide the location of a student's bus stop, the Commissioner may, nonetheless, reach a contrary

conclusion so long as it is supported by the evidence in the record. See Dore v. Bd. of Educ. of Bedminster Twp., 185 N.J. Super. 447, 453 (App. Div. 1982). After all, N.J.S.A. 52:14B-10 authorizes the Commissioner to reject an ALJ's initial decision, provided the final decision specifies sufficient reasons for doing so. Accordingly, we confine our analysis to review the Commissioner's final decision for arbitrary, capricious, or unreasonable action.

Guided by the principles of our standard of review, we are satisfied the Commissioner did not act in an arbitrary or capricious manner in ordering the Board to provide A.S. with curb-to-curb transportation. After reviewing the record and the ALJ's initial decision, the Commissioner found the Board failed to meet its responsibility to provide A.S. with appropriate transportation to Sage. The parties do not dispute that because A.S. is a student with disabilities who resides remotely from Sage, the Board is required to provide her with transportation to and from the school in accordance with her IEP under N.J.A.C. 6A:27-1.3(a). The Commissioner noted, however, the Board placed A.S.'s bus stop at the municipal building parking lot, requiring her to travel one-third of a mile down a steep hazardous road, which, according to Cassidy, was too dangerous for a vehicle to stop along.

Consequently, the Commissioner noted:

[she could not] reconcile why the Board would accept Cassidy's representation that the road is so unsafe that a vehicle cannot safely pick up a student (especially when other buses have previously stopped in front of her house), but at the same time find it acceptable for a student to walk down the same hazardous road, without a shoulder or sidewalks, to reach her assigned bus stop.

The Commissioner determined that although A.S.'s parents have been driving her to the bus stop to ensure her safety, they should not be required to do so, because N.J.A.C. 6A:27-1.3(a) places the responsibility of providing student transportation upon the Board. The Commissioner, thus, concluded A.S.'s parents should not be burdened with transporting A.S. to her bus stop simply because "the Board has chosen a location that is indisputably unsafe for her to traverse on her own." Accordingly, the Commissioner rejected the ALJ's initial decision and ordered "[t]he Board . . . to provide A.S. with curb-to-curb transportation to and from Sage beginning in the 2023-24 school year."

The Board asserts "there is no legal authority requiring a school district to provide a bus stop to a child's driveway." However, the Commissioner made no such declaration. Rather, the Commissioner concluded under the specific facts of this case that A.S. should be picked up and dropped off in front of her home due to the "treacherous route" she would face if required to walk to the municipal building. Her decision was well-supported by the record.

13

Contrary to the Board's contentions, the record does not reflect the Commissioner inferred facts or drew conclusions lacking evidentiary support in reaching her decision. The Commissioner relied upon the ALJ's findings of fact, including the summary of the record, evidence of the dangerous road adjacent to petitioners' home, "the treacherous route" A.S. would be required to walk to reach her assigned bus stop, and school buses stopping in front of her home in the past. Both parties also acknowledge the road is "dangerous and hazardous." The Commissioner further commented that "the record is devoid" of evidence or testimony from Cassidy explaining why it is incapable of stopping in front of A.S.'s home but can require her to walk along the dangerous road. Given these findings, we are convinced the evidence in the record amply supports the Commissioner's decision concerning A.S.'s safety.

Moreover, the Board asserts the Commissioner lacked authority to award relief for a violation of N.J.A.C. 6A:27-1.3(a). It reasons the Commissioner failed to address the jurisdictional claims of discrimination before her and improperly awarded relief based on a regulatory issue petitioners never raised—whether the Board satisfied its responsibility to provide transportation. We find no merit in the Board's argument.

14

Specifically, the Commissioner found it unnecessary to reach the discrimination arguments given A.S.'s requested relief of curb-to-curb transportation had been granted. Notably, however, the Board fails to provide any legal authority suggesting the granting of relief under N.J.A.C. 6A:27-1.3(a) rather than the alleged discriminatory actions exceeded the "great breadth" of the Commissioner's power. Theodore, 183 N.J. Super. at 413; see also Archway Programs, Inc. v. Pemberton Twp. Bd. of Educ., 352 N.J. Super. 420, 424 (App. Div. 2002) ("The Commissioner's authority is plenary."). We therefore conclude the Commissioner did not act outside of her authority in awarding relief on grounds pertinent to the issue of student transportation before her.

We briefly address the Board's argument that the Commissioner impermissibly imposed the burden upon it to disprove A.S.'s claims. To support this assertion, the Board points to the Commissioner finding "the Board has not provided persuasive evidence" that it is incapable of stopping in front of A.S.'s home. The Board further contends the Commissioner never indicated how A.S. satisfied her burden of proof as to the discrimination claims. We are unpersuaded by the Board's argument.

The party challenging the administrative action bears the burden of demonstrating that an agency's action is arbitrary, capricious, or unreasonable.

Lavezzi, 219 N.J. at 171. Here, the Commissioner concluded the Board did not satisfy its responsibility to provide A.S. with transportation under N.J.A.C. 6A:27-1.3(a) based on the ALJ's "largely undisputed" factual findings. However, the Commissioner never placed the burden of proof on the Board but instead simply noted the Board's failure to provide "persuasive evidence" explaining the rationale for Cassidy's decision.

Specifically, the ALJ stated that Cassidy agreed to pick up A.S. at the municipal building because it "could not safely pick up A.S. directly in front of her home with the [minivan] it utilizes to transport A.S." However, the Commissioner found the record "devoid of testimony from a representative of Cassidy to explain its rationale in detail." The Commissioner was "uncertain" why the minivan could not "pull into [A.S.]'s driveway" or, alternatively, why Cassidy could not use a shorter yellow school bus with flashing lights to stop traffic. Thus, the Commissioner concluded the Board violated N.J.A.C. 6A:27-1.3(a) after considering the evidence of Cassidy's refusal to stop in front of A.S.'s home despite simultaneously suggesting she should traverse the same road it deemed dangerous and the prior history of school buses stopping at A.S.'s home.

16

In rendering her final decision, the Commissioner observed the absence of support in the record regarding Cassidy's inability to safely stop in front of A.S.'s home, coupled with the evidence suggesting A.S. has a hazardous route to walk to her bus stop. Therefore, the Commissioner found Cassidy should be capable of safely stopping at or near A.S.'s home. We conclude the Commissioner made a reasonable safety-related decision based on the evidence presented before the ALJ, not the Board's inability to disprove A.S.'s allegations.

Lastly, the Commissioner noted: "Given that petitioners' requested relief of curb-to-curb transportation is being granted, it is unnecessary for [her] to reach the remaining discrimination arguments in this case." Accordingly, we also need not address the Board's arguments regarding the discrimination issues.

Because the Commissioner's final decision is supported by sufficient credible evidence in the record, we discern no basis to disturb it. To the extent we have not addressed any of the Board's remaining arguments, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3045-22