WILTON D. GREENWAY, PROSECUTOR-APPELLANT, v. BOARD OF EDUCATION OF THE CITY OF CAMDEN, DEFENDANT-RESPONDENT.

Argued October 22 and 23, 1942—Decided January 22, 1943.

For the appellant, *Meyer L. Sakin*.

For the respondent, *Gene R. Mariano*.

For New Jersey Education Association, *amicus curiæ*, *Eisenberg & Spicer (Jerome C. Eisenberg, of counsel)*.

For State Federation of District Boards of Education of the State of New Jersey, *amicus curiæ*, *Harold D. Green* and *Saul R. Alexander*.

The opinion of the court was delivered by

HEHER, J. We are in accord with the reasoning and result of the deliverance of Mr. Justice Porter for the Supreme Court.

It is vigorously contended that the judgment is "directly opposed to public policy." Such policy must needs be of legislative ordination; it can have no other derivation. And there is none such. Section 1 of chapter 243 of the laws of 1909, now sections 18:13-16 and 18:13-17 of the Revision of 1937, conferred upon teachers and principals in the appointed category a mere "legislative status," subject to legislative alteration and annulment, and did not give rise to an irrepealable "legislative contract." Under the subsisting school law, the district board is not bound by contract with the teacher having tenure in virtue of the cited statutory provisions "for more than the current year." Section 18:13-17, *supra*, enjoining the local boards from reducing the teacher's salary or discharging him without cause, is "but a regulation of

the conduct of the board and not a term of a continuing contract of indefinite duration with the individual teacher." *Phelps* v. *Board of Education,* 115 *N. J. L.* 310; *affirmed,* 116 *Id.* 412; *affirmed,* 300 *U. S.* 319; 57 *S. Ct.* 483; 81 *L. Ed.* 674. See, also, *Vroom* v. *Board of Education,* 79 *N. J. L.* 46; *Steck* v. *Board of Education,* 123 *Id.* 158; *affirmed,* 124 *Id.* 132.

Conceding the power of the legislature in the premises, the argument is made that the district board's establishment of a salary schedule providing for annual increments is a conclusive and irrepealable act. The delegated legislative function is not thus circumscribed.

The local boards are not under a statutory duty to lay down a schedule of salary increments. Indeed, increments as such have no statutory recognition. That is a device of local policy adopted in the exercise of the granted general managerial power. Section 106 of the General School Law of 1903 invested these local agencies with authority to "make rules and regulations governing the engagement and employment of teachers and principals, the terms and tenure of such employment, and the promotion and dismissal of such teachers and principals, the salaries and the time and mode of payment thereof," and "from time to time" to "change, amend or repeal such rules and regulations." *Pamph. L.* 1903 (*2d Sp. Sess.*) *pp.* 5, 42; *Comp. Stat., p.* 4762; *R. S.* 1937, 18:13-5. This local regulation of teachers' salaries is subject to a minimum requirement of $100 per month, for each and every month during the school year, when employed. *R. S.* 18:13-13. The salary schedule upon which appellant's claim is founded was enacted as "a rule of the board" in the exercise of this function; and it contained an express reservation of the power of amendment and repeal.

True, the right of revision and repeal is subject to the injunction against "a reduction of salary" except for just cause, embodied in section 1 of the act of 1909, *supra,* now *R. S.* 1937, 18:13-17. But unaccrued increments under a salary schedule adopted pursuant to section 106 of the General School Law of 1903, *supra,* do not take the classification of "salary" within the intendment of section 18:13-17, *supra.*

In the local legislative usage the terms are mutually exclusive. Increments, as used here, are the periodic, consecutive additions or increases which do not become a part of the salary of the teacher until they accrue under the rule making such provision; and, until the accrual, the modification or repeal of the rule so providing does not constitute a reduction of the current salary.

It is maintained that the "true intention" of a schedule of increments is that "the teacher's annual compensation shall be the average or mean between the minimum and maximum salaries stated in the schedules;" and that this is the essence of the "bargain" between the teacher and the local board. The argument presupposes that the protection of section 18:13-17, *supra,* covers not alone the current salary, but extends as well to all future increases of salary, regardless of the number or amount, provided in a salary schedule enacted as a mere rule or regulation of the district board. This would mean that the action of one board providing for salary increases *in futuro* would bind all its successors. The statute is not so framed. The legislature has not invested the local boards with contractual power of such sweep. Such an interpretation would constitute a palpable distortion of the letter and spirit of the enactment. It is one that is not to be accepted in the absence of language admitting of no doubt of that purpose. A rule providing for increments is a mere declaration of legislative policy that is at all times subject to abrogation by the board in the public interest. The statute is necessarily to be viewed in relation to the provisions for annual appropriations to defray the cost of maintenance of the school system.

As pointed out by Mr. Justice Porter, the case of *Weber* v. *Board of Education,* 127 *N. J. L.* 279, is not apropos. It is to be read in the light of the point presented for decision. There, the question was whether the local board was empowered to rescind a provision for an increment for a given year after the employment for that year had commenced. The increment had accrued and become merged in the basic salary. It was then beyond recall.

And these considerations are likewise determinative of

appellant's further contention that his transfer from the senior high school to a junior high school constituted "a reduction in salary" within the purview of the cited statute, in that the maximum salary prescribed by the schedule for the former exceeded that fixed for a teacher in a junior high or intermediate school, and "the range of the salary paid to teachers in the high school was higher than that paid to junior high school teachers." The salary then payable to appellant was in nowise affected by the transfer. The district boards are expressly invested with authority to transfer principals and teachers. *R. S.* 18:6-20. The exercise of the power rests in sound discretion, conditioned by the provisions of section 18:13-17. *Cheeseman* v. *Board of Education of Gloucester City,* 1 *N. J. Mis. R.* 318; *Downs* v. *Board of Education of Hoboken,* 12 *Id.* 345; *affirmed,* 113 *N. J. L.* 401. The transfer was in no sense a demotion; and there is no tangible basis in the evidence for appellant's insistence that it was otherwise motivated by bad faith.

Let the judgment be affirmed.

*For affirmance*—THE CHANCELLOR, CASE, BODINE, DONGES, HEHER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 11.

*For dismissal*—PERSKIE, J. 1.