This is an appeal from a judgment of the State Board of Education affirming the decision of the Commissioner of Education on a stipulated issue submitted by the parties. *Page 72 
Appellant is and has been a teacher in the Carteret school system for twenty-six years. On June 3, 1947, the degree of Master of Arts was conferred upon her by Columbia University Teachers College, she having successfully completed her course of instruction on May 12, 1947. During the school year 1947-48, Miss Federbush received a salary of $2,900, a $150 bonus and a $150 increment, which were to become a permanent part of her salary, together with $100 for the attainment of the degree of Master of Arts. The cost of living bonus and increment were due all employees regardless of salary grade.
On September 18, 1944, the Carteret Board of Education, by resolution, adopted a guide for teachers' salaries under which a teacher holding a Master of Arts degree would arrive at a maximum yearly salary of $3,300 in his or her nineteenth teaching year. Under this guide, it was incumbent upon a teacher who planned to complete enough college work to move forward a grade during a fiscal year to so notify the supervising principal in writing prior to November 15th of the preceding fiscal year.
In December, 1946, the local Board of Education adopted an amendatory resolution, providing that the maximum for teachers with Masters' degrees be increased to $3,700 a year, effective September 1, 1947, and providing further that:
"2. The above maximums shall be reached by an annual increment of $150.00 per year on all degrees received after September 1, 1947.
"3. Teachers on maximums passing from one salary level to the next higher salary level shall receive $100.00 additional on presentation of official transcript of credit to the Supervising Principal and shall thereafter continue at the rate of $150.00 annual increment until the maximum in the new level is reached."
The Carteret Board of Education, by resolution adopted on May 14, 1947, changed the effective date of the salary guide from September 1, 1947, to May 14, 1947.
At the time of the adoption of the December, 1946, amended schedule of salaries, the appellant was receiving $2,900, the maximum salary for a teacher holding a Bachelor's degree. *Page 73 
On June 18, 1948, appellant filed a petition with the Commissioner of Education seeking an order that the respondent pay her an additional $300 for the 1947-48 school year, alleging that under the 1944 salary schedule she was entitled to an increase of $400 in recognition of her Master of Arts degree, but that she had received only $100. The Commissioner of Education determined "* * * that no legal grounds exist for the petitioner's claim that $300 is due to her as salary for the school year 1947-1948," and the State Board of Education affirmed the Commissioner's ruling.
Appellant contends (1) that under the salary guide of September, 1944, she automatically became entitled to the salary grade of $3,300 upon completing the work for her Master's degree on May 12, 1947, and that her status was unaffected by the December, 1946, amendment which applied to all degrees received after September 1, 1947, nor by the May 14, 1947, amendment changing the effective date of the salary guide to May 14, 1947; (2) that the amendment of December, 1946, is ambiguous and incapable of interpretation and, therefore, resort must be made to the September, 1944, salary guide; (3) that the board's action in giving her $100 for her degree and a $150 increment was a recognition of her Master's degree, but that the board erred in not placing her in the next higher grade; (4) that she had on November 5, 1946, mailed written notice of her anticipated degree in 1947; (5) that this requirement of notice was not essential, having been waived by a general letter of the supervising principal dated January 31, 1946.
The respondent contends that the intent and purpose of the board in adopting the amended salary guide clearly indicated that a teacher qualifying for an increase in grade would not receive the increase in one step, but at the end of a three year adjustment period; that prior to the December, 1946, amendment, increases were paid in three yearly increments of $100 and under the amended guide increases would, after September 1, 1947, be paid by $100 on presentation of the official transcript of credit and annual increments of $150 until the new maximum therein specified is reached. *Page 74 
The salary guide adopted September 18, 1944, amended, corrected and replaced the May 22, 1944, schedule. This guide specifically provides:
"1. This salary guide is not to be considered as a contract between the teacher and the Board of Education."
 * * * * * * * *
"3. This salary guide may be changed, amended, revised, or abrogated by the Board of Education at any time."
 * * * * * * * *
"7. Teachers on maximums who plan to complete enough college work to entitle them to move forward on the salary guide during a particular fiscal year, shall notify the Supervising Principal in writing before November 15 of the preceding fiscal year."
The power of the local board of education to make, alter, amend and repeal a salary schedule is vested in each board so as to permit adjustments as appropriations and other circumstances from year to year dictate. Mr. Justice Heher, speaking for the Court of Errors and Appeals in Greenway v. Board of Education ofCamden, 129 N.J.L. 461 (1943), at pp. 463 and 464, said:
"The local boards are not under a statutory duty to lay down a schedule of salary increments. Indeed, increments as such have no statutory recognition. That is a device of local policy adopted in the exercise of the granted general managerial power. Section 106 of the General School Law of 1903 invested these local agencies with authority to `make rules and regulations governing the engagement and employment of teachers and principals, the terms and tenure of such employment, and the promotion and dismissal of such teachers and principals, the salaries and the time and mode of payment thereof,' and `from time to time' to `change, amend or repeal such rules and regulations.' Pamph. L.
1903 (2d Sp. Sess.) pp. 5, 42; Comp. Stat., p. 4762; R.S.
1937, 18:13-5. * * * The salary schedule upon which appellant's claim is founded was enacted as `a rule of the board' in the exercise of this function; and it contained an express reservation of the power of amendment and repeal."
 * * * * * * * *
"* * * A rule providing for increments is a mere declaration of legislative policy that is at all times subject to abrogation by the board in the public interest. The statute is necessarily to be viewed in relation to the provisions for annual appropriations to defray the cost of maintenance of the school system." *Page 75 
We are of the opinion that appellant's compensation was controlled by the salary guide established by the local board's resolution adopted in September, 1944, as amended in December, 1946, and made effective as of May 14, 1947, by the further amendatory resolution adopted by the board on that date. Appellant argues that "The degree of Master of Arts bestowed upon her on June 3, 1947, automatically entitled her to a salary of $3,300 annually for her length of service." Merely completing the course of instruction designated as requisite for the attainment of an academic degree, while some measure of achievement in itself, cannot be considered as actual qualification for that degree. One cannot be considered to have attained a degree until it has actually been conferred. Under the factual and legal situation here, Miss Federbush, by virtue of having attained the Master of Arts degree, for the teaching year 1947-48, was entitled to the sum of $100 and the balance of the increment therefor at the rate of $150 per annum "until the maximum in the new level is reached." We are satisfied that Miss Federbush received payment of all moneys to which she was entitled for the period in question.
Consideration has been given to the other points argued by the appellant, but we are of the opinion that they are not meritorious.
The judgment of the State Board of Education affirming the decision of the Commissioner of Education is affirmed, without costs. *Page 76