176 N.J. Super. 154 (1980)
422 A.2d 461
JEANNETTE WILLIAMS, PETITIONER-APPELLANT,
v.
BOARD OF EDUCATION OF PLAINFIELD, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 21, 1980.
Decided November 6, 1980.
*155 Before Judges MATTHEWS, MORGAN and MORTON I. GREENBERG.
Emil Oxfeld argued the cause for appellant (Rothbard, Harris & Oxfeld, attorneys; Barry A. Aisenstock on the brief).
Victor E.D. King argued the cause for respondent (King, King & Goldsack, attorneys).
*156 Alfred E. Ramey, Jr., Deputy Attorney General, argued the cause for the New Jersey State Board of Education (John J. Degnan, Attorney General, attorney; Ermine L. Conley, Assistant Attorney General, of counsel).
David W. Carroll argued the cause for amicus curiae New Jersey School Boards Association.
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
Petitioner, a tenured high school principal employed by the Plainfield Board of Education, challenges the determination of the State Board of Education that the local board could properly transfer her from her tenured position to the position of elementary school principal (for which she was equally qualified) and that such transfer took place without a reduction in salary. She contends, as she did below, that even though she initially suffered no reduction in salary, there was clearly a reduction in her future salary expectancy because the formula used by the local board to determine salary increments is a lower rate or ratio for elementary school principals than for high school principals. The State Board held that the prohibition against reduction in salary found in N.J.S.A. 18A:28-5 for tenured employees did not contemplate salary expectancy but rather referred only to the amount of compensation paid the tenured employee at the time of the transfer.
Petitioner had been employed by the board as principal of Plainfield High School from February 1972 through February 1976. This employment was categorized as a 12-month employment with a salary as of February 1976 of $32,560 a year.
Because of certain deficiencies in her performance, petitioner was transferred to the position of administrative assistant at the school district's central office, a nontenure-eligible position.
Petitioner served in that position until June 1976 when the board transferred her to the position of principal of Emerson Elementary School. Her salary was frozen at the amount she *157 was earning as principal of the high school. Under the board's formula for administrative positions, a high school principal's salary increment is calculated at a ratio of 1.76 times the base teacher's salary; an elementary school principal's salary is calculated at a ratio of 1.4.
Petitioner appealed to the Commissioner of Education on July 21, 1976. She alleged the initial transfer to administrative assistant and the subsequent transfer to elementary school principal were illegal and violative of her tenure status.
A hearing was held before a hearing examiner in June and August 1977. The hearing examiner filed a written report finding the initial transfer to the position of administrative assistant "procedurally faulty" in violation of N.J.S.A. 18A:25-1 which prohibits transfers of teaching staff members except by recorded roll call majority vote of the full membership of the board of education. The hearing examiner, however, found that despite this procedural irregularity the board later ratified the action, making it valid. The hearing examiner also found petitioner's transfer to elementary school principal to be proper and within the purview of discretion which may be exercised by the board, particularly because she suffered no salary reduction.
The Commissioner, however, disagreed with the hearing examiner's finding and conclusion with respect to both transfers. He found the first transfer illegal as violative of N.J.S.A. 18A:25-1 because the board did not have the authority to validate a transfer to a position with an unrecognized title. The Commissioner found that "a certificated tenure employee may not be unilaterally transferred without consent to other than a tenure-eligible position"-a description which the position of administrative assistant could not meet.
The Commissioner similarly determined that petitioner's subsequent unilateral transfer to an elementary school principalship was improper because the elementary school position had a grossly disproportionate salary expectation when compared to that of a high school principal. He directed the board to *158 reinstate petitioner as a high school principal and to restore any salary increments which she was denied.
The State Board of Education turned the matter over to its legal committee, which filed its report on November 16, 1979. The legal committee recommended that the Commissioner's decision with respect to petitioner's transfer to the administrative assistant position be affirmed because transfer of a tenured administrator without his consent to an unrecognized title was improper. The committee, however, recommended that the Commissioner's decision with respect to the second transfer be reversed.
The State of Board of Education adopted the legal committee's report virtually verbatim, holding that petitioner's transfer to the elementary school principalship was a proper transfer to a position of equivalent rank and could occur without appellant's consent. As long as the salary is not reduced, a transfer from the position of high school principal to that of elementary school principal is not a demotion: the certification required is the same, tenure can be acquired in both positions and the duties to be performed are of no less importance from an educational standpoint. Seniority rights, according to the State Board, are irrelevant in determining whether a rank or comparable position is involved in a transfer. Seniority has relevance only where a reduction in the employment force is necessary and for no other purpose.
The State Board concluded that appellant suffered no reduction in rank with respect to salary since she retained the same salary she had been earning as a high school principal when she was transferred to the elementary school position. The board found no requirement that transferred tenured employees be paid in future years according to the same schedule of increments that were in force in the position from which the employee was transferred. The only statutory requirement is that there be no reduction in compensation; there is no statutory requirement barring reduction in salary expectancy. The board *159 specifically overruled any prior decisions which had read an expectancy requirement into the transfer and tenure statutes.
Petitioner contends here that her transfer to the position of elementary school principal from that of high school principal is illegal because it violates her tenure rights. She argues that the Commissioner's position should be adopted by this court-that is, that a reduction in salary expectancy upon transfer of a tenured employee renders such transfer invalid. She claims that transfer to a position with a lesser salary expectancy amounts to a reduction in rank and as such violates her rights as a tenured employee. Petitioner urges us to reject the State Board's decision which eliminated the concept of salary expectancy as a factor for consideration when determining whether a transfer is invalid because it effected a reduction in the tenured employee's compensation. She states that the established fact that, as an elementary school principal, her salary will be determined by a ratio of 1.4 rather than the ratio of 1.76 utilized for high school principals, is dispositive of the reduction in compensation issue in her case. She reasons that, although her compensation was not reduced immediately upon her transfer, she now can expect less in the way of salary increase each year that she remains as an elementary school principal as compared to that which she would realize as a high school principal.
Petitioner, as a tenured teacher, is protected by a statutory scheme the purpose of which is to establish a competent and efficient school system by affording to principals and teachers "a measure of security in the ranks they hold after years of service." Because this statutory scheme is an "important expression of legislative policy" our courts have held that it should be given "liberal support, consistent, however, with legitimate demands for governmental economy." Viemeister v. Prospect Park Bd. of Ed., 5 N.J. Super. 215, 218 (App.Div. 1949).
N.J.S.A. 18A:28-5 is part of that statutory scheme providing tenure to certain enumerated employees of local boards of education. That statute, in pertinent part, provides that "the *160 services of all teaching staff members including all ... principals ... shall be under tenure during good behavior and efficiency and they shall not be dismissed or reduced in compensation except for" certain enumerated reasons and then only in the manner prescribed in N.J.S.A. 18A:6-10. According to N.J.S.A. 18A:28-5, tenure is acquired after employment in a given position for the period of time specified in that statute.
Petitioner does not challenge her transfer from high school principal to elementary school principal as an invalid reduction in rank on the ground that she had attained tenure as a high school principal. Her sole argument on appeal is that her transfer from a high school principalship to an elementary school principalship resulted in a reduction of compensation and thus a reduction in her rank, because her salary expectancy is less as an elementary school principal than as a high school principal.
Petitioner relies upon Gamvas v. Lakewood Tp. Bd. of Ed., 1976 S.L.D. 509, which the State Board expressly overruled. In Gamvas, petitioner, a tenured principal, agreed to be transferred to a new position, director of occupational education, with the understanding that the new position would be comparable to his former position as principal. Included in that understanding was that the salary would likewise be comparable. The first year petitioner held the new position the salary was the same; however, the directorship was awarded an increment lower than that awarded to high school principal. Noting the specific oral agreement between the local board and petitioner with respect to the salary, the hearing officer found that the subsequent decrease in salary for the directorship constituted a violation of petitioner's tenure rights. The Commissioner agreed with the conclusion of the hearing examiner, holding:
... if a position continues to exist the tenured holder thereof may not be transfered to a position with lesser expectancy. [at 515]
In so holding the Commissioner relied upon two other school law decisions: Cassidy v. Jersey City Bd. of Ed., 1938 S.L.D. 368 (1930), aff'd 1938 S.L.D. 372 (St.Bd.Ed. 1930); MacNeal v. Ocean *161 City Bd. of Ed., 1938 S.L.D. 374 (1926), aff'd 1927 S.L.D. 377 (St.Bd. ___), aff'd 1928 S.L.D. 377 (Sup.Ct. ___). According to the Commissioner, both decisions hold that transfer to a position with lesser salary expectation was not a transfer to a comparable position. Id. at 514
Petitioner, here argues that the approach taken by the Commissioner in Gamvas with respect to the concept of salary expectancy should be followed by us as the proper approach. She argues that since any further salary increments or adjustments in her position as elementary school principal will be determined by the application of a 1.4 ratio, while future adjustments in a high school principal's salary are formulated by using a 1.76 ratio, her transfer to the former position from the latter is invalid because of the lesser salary expectancy involved.
While our courts have yet to address the concept of salary expectancy using that precise term, some reported decisions do discuss the significance of increases or increments in salary and the deprivation thereof in relation to a claim of a reduction in salary overall. In Greenway v. Camden Bd. of Ed., 129 N.J.L. 461 (E. & A. 1942), the court rejected appellant's argument that a local board's establishment of the salary schedule providing for annual increments is a conclusive and irrepealable act. The court observed that local boards were under no statutory duty to create salary increments. Thus,
... Increments, as used here, are the periodic, consecutive additions or increases which do not become a part of the salary of a teacher until they accrue under the rule making such provision; and, until the accrual, the modification or repeal of the rule so providing does not constitute a reduction of the current salary. [at 464]
Similarly, the former Supreme Court rejected the contention of petitioners there who contended that the local board of education improperly refused to conform to a salary schedule which fixed annual salary increments. In Offhouse v. State Bd. of Ed., 131 N.J.L. 391 (Sup.Ct. 1944), app. dism. 323 U.S. 667, 65 S.Ct. 68, 89 L.Ed. 542 (1944), the court, citing Greenway with approval, held that unaccrued increments do not take on the *162 classification of salary within the meaning of those statutes prohibiting a reduction in salary for tenured employees. 131 N.J.L. at 395.
More recently, in Kopera v. West Orange Bd. of Ed., 60 N.J. Super. 288 (App.Div. 1960), this court rejected an argument of a tenured teacher that the denial of an increment was in effect a reduction in salary in violation of that teacher's tenure rights. Citing both Offhouse and Greenway we held that "the failure to receive an increase of salary does not constitute a reduction." 60 N.J. Super. at 297. The court continued:
Tenure is a status, a protection, not a contract, Redcay v. State Board of Education, 130 N.J.L. 369 (Sup.Ct. 1943), affirmed 131 N.J.L. 326 (E. & A. 1944). As a status, tenure protects all teachers who have it, the merely adequate as much as the excellent. However, that does not give all the same rights to increase or promotion. [at 298]
While all of the cases just cited predate the enactment of N.J.S.A. 34:13A-5.1 et seq., (L. 1968, c. 303), they nevertheless support the position that future increases in salary, or salary expectation, is not an appropriate factor to be considered when determining the validity of a transfer since tenured employees have no vested right in any future increases in salary.
Turning to the applicable statutes, there is no suggestion much less an express statement, that future salary increases or adjustments are to be considered in determining the validity of a transfer which is otherwise proper. N.J.S.A. 18A:28-5 merely prohibits "reduc[tion] in compensation" except for the reasons stated and in the manner prescribed therein.
We also note that the two cases upon which the Commissioner relied in Gamvas v. Lakewood Tp. Bd. of Ed., above, (and upon which appellant in this case relies) are inapposite. In Cassidy v. Jersey City Bd. of Ed., 1938 S.L.D. 368 (1930), the petitioner was a principal of a school for the handicapped who was transferred to the position of principal in an ordinary school. As principal of the former institution she received an additional $200 over that paid to principals of ordinary schools. The Commissioner affirmed the transfer but found that petitioner's $200 reduction *163 in salary was improper. The Commissioner's determination that petitioner was properly transferred was affirmed by the State Board, which noted that, due to a retroactive salary increase, petitioner had not suffered a reduction in salary but had indeed ended up with $150 more in the new position. Thus, the transfer in Cassidy did not involve a transfer to a position with a lesser salary expectancy and was affirmed by the State Board on that basis.
In MacNeal v. Ocean City Bd. of Ed., 1938 S.L.D. 374 (1926), petitioner, a tenured principal, was transferred to a teaching position at a reduced salary-clearly a prohibited demotion under tenure rules and improper. In the present case, appellant was transferred from one principalship to another.
Finally, petitioner relies upon Will v. United States, 478 F. Supp. 621 (N.D.Ill. 1979), wherein it was held that congressional enactment of a law prohibiting any cost of living adjustment to take effect with respect to the salaries of federal district court judges violated the Compensation Clause of Article III, § 1, of the United States Constitution because it directly diminished the compensation to which the plaintiff judges were entitled. 478 F. Supp. at 625-626. The court there reasoned that since the Compensation Clause prohibited diminishing the compensation of judges "who hold their offices during good behavior," once Congress fixed a procedure by which salary increases are calculated, it could not subsequently reduce or repeal that provision without violating the Constitution. By analogy, petitioner argues that since her compensation was fixed when she was employed as high school principal, transferring her to the elementary school principalship with its lesser ratio of calculating future increments amounted to a violation of the tenure act, which act appellant compares to the Compensation Clause of the United States Constitution.
We fail to find an analogy. A tenure act provision clearly does not have the impact of a constitutional provision. Nor does its purpose in anywise equate with the purpose of the Compensation *164 Clause of the Constitution. That clause was enacted to preserve the independence of the judiciary, "that their judgment or action might never be swayed in the slightest degree by the temptation to cultivate the favor or avoid the displeasure of that department which, as master of the purse, would otherwise hold the power to reduce their means of support." Will v. United States, above, 478 F. Supp. at 629, quoting from O'Donoghue v. United States, 289 U.S. 516, 531, 53 S.Ct. 740, 743, 77 L.Ed. 1356 (1932). Tenure laws, on the other hand, are enacted simply to give employment security to those teachers who have served in a certain position for the prescribed number of years.
We conclude that we should affirm the State Board's determination.