PLAINFIELD ASSOCIATION OF SCHOOL ADMINISTRATORS, PLAINTIFF-RESPONDENT, v. BOARD OF EDUCATION OF THE CITY OF PLAINFIELD, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 7, 1982—Decided June 21, 1982.

12

Before Judges ALLCORN, FRANCIS and MORTON I. GREENBERG.

*Victor E.D. King* argued the cause for appellant (*King, King & Goldsack,* attorneys).

*Emil Oxfeld* argued the cause for respondent (*Rothbard, Harris & Oxfeld,* attorneys).

The opinion of the court was delivered by

MORTON I. GREENBERG, J. A. D.

This matter comes on before this court on appeal from the Superior Court, Chancery Division, which confirmed an arbitration award in favor of plaintiff. The action is another facet of the dispute described in *Williams v. Plainfield Bd. of Ed.*, 176 *N.J.Super.* 154, 156–157 (App.Div.1980), certif. den. 87 *N.J.* 306 (1981).

The basic facts are not disputed and are set forth in our earlier opinion. The thrust of plaintiff's contention is that the overall consequence of a transfer of Jeannette Williams from the position of high school principal to elementary school principal resulted in a reduction of her compensation in violation of the collective bargaining agreement between the parties. The reduction was not immediate but was prospective. It was predicated on the fact that whereas a high school principal's salary is calculated on a ratio of 1.76 times a teacher's base salary, the ratio for an elementary school principal's salary is 1.4 times the teacher's base salary. Thus, even though Williams' salary was not immediately reduced, the long-range effect of the transfer would be to reduce her increments in the future.

As a result of defendant's action in transferring Williams there have been commenced on her behalf proceedings giving rise to numerous hearings already extending over a period of almost six years. Williams filed a "Petition of Appeal" dated July 21, 1976 with the Commissioner of Education. She asked that defendant be enjoined from transferring her to the position of elementary school principal and that she be restored to the position of high school principal with the emoluments of that office. In a second procedure plaintiff filed a grievance under the collective bargaining agreement between the parties. Ultimately the grievance reached an arbitrator who was asked to determine whether plaintiff was correct in its contention that defendant had reduced Williams' rank and compensation in violation of the agreement. Finally, Williams has sought reinstatement and back pay in an action in the United States

District Court. While we do not have a copy of her complaint in that case, counsel were in agreement at oral argument before us that the complaint was based on grounds of discrimination. We were further advised at oral argument that the District Court action has been stayed pending disposition of this appeal.

The arbitration was decided by an award dated October 4, 1977. The arbitrator concluded that defendant had violated the agreement by reducing Williams' compensation since defendant failed to calculate her compensation on the 1.76 principal ratio. The arbitrator awarded back salary for 1976–1977 of $1,848, representing the difference between the $32,560 salary paid to her and the $34,408 calculated by use of the higher ratio. Defendant was directed to calculate her compensation by use of the 1.76 ratio. On December 29, 1977 plaintiff commenced a Chancery Division action to confirm the award. On February 22, 1978 defendant filed a counterclaim seeking to vacate the award. On March 22, 1978 an order was entered in the Chancery Division putting the matter in an inactive status until the further order of the court. This order seems to have been entered because Williams' petition was still pending before the commissioner of education.

The proceedings in the action before the Commissioner resulted eventually in our decision in *Williams v. Plainfield Bd. of Ed.*, *supra*, 176 *N.J.Super.* at 154. We there determined that the transfer did not constitute a violation of *N.J.S.A.* 18A:28–5. That section interdicts reductions in compensation not based on just cause. It was our view that Williams' future salary was not an appropriate factor to be considered in determining whether Williams had been reduced in compensation. In short we held that the law was not intended to protect expectancies.

After the conclusion of those judicial proceedings the action now on appeal was reactivated. Both parties moved in the Chancery Division for summary judgment. The trial judge in an opinion dated July 21, 1980 determined that the award should be confirmed. He pointed out that in public employment cases

an arbitrator's determinations are subject to pertinent statutory criteria as well as the public interest and welfare. He said that the court does not sit as an appellate tribunal in reviewing awards. He noted that the arbitrator stated that he was deciding the case under the collective bargaining agreement rather than under a statute. He said that the arbitrator was not bound by legal principles and that the award should not be vacated simply because the court might have decided the case differently. He rejected defendant's argument that managerial prerogative was involved and that the matter was not properly the subject of arbitration. He also pointed out that if the board thought that the matter was not arbitrable, it should have moved before the Public Employment Relations Commission (PERC) for a determination of that issue. Finally, he determined that there was no statutory basis to set aside the award. On July 31, 1981 the judge signed an order granting plaintiff summary judgment confirming the award. Defendant appeals from that order.

Unquestionably the trial judge was correct in his statement that PERC was the proper body to determine whether the dispute was appropriate for arbitration. *See Ridgefield Park Ed. Ass'n v. Ridgefield Park Bd. of Ed.,* 78 *N.J.* 144, 153–155 (1978); *Camden Vocational School Bd. of Ed. v. Cam/Voc Teachers Ass'n,* 183 *N.J.Super.* 206, 213 (App.Div.1982). Thus, we could remand this matter to PERC. But we are loath to do so. This controversy is already six years old and the end seems not in sight. There have been numerous judicial, administrative and arbitration hearings. There have been two appeals to this court. While we would welcome the expertise of PERC on the issue, the matter is essentially legal in nature. In the circumstances we have determined to decide this case on its merits with no further delay. We unquestionably have that power. *See Bernards Bd. of Ed. v. Bernards Tp. Ed. Ass'n,* 79 *N.J.* 311, 317 (1979).

■ We have determined that the trial judge should have vacated the arbitration award. The Supreme Court, in a scope of negotiations case dealing with negotiable terms and conditions of employment, most recently has held as follows:

> To summarize, a subject is negotiable between public employers and employees when (1) the item intimately and directly affects the work and welfare of public employees; (2) the subject has not been fully or partially preempted by statute or regulation; and (3) a negotiated agreement would not significantly interfere with the determination of governmental policy. To decide whether a negotiated agreement would significantly interfere with the determination of governmental policy, it is necessary to balance the interests of the public employees and the public employer. When the dominant concern is the government's managerial prerogative to determine policy, a subject may not be included in collective negotiations even though it may intimately affect employees' working conditions. [*In re Local 195, IFPTE*, 88 *N.J.* 393, 404–405 (1982)]

Of course, if the matter was not negotiable, then it would not be arbitrable. *See In re Hackensack Bd. of Ed.*, 184 *N.J.Super.* 311 (App.Div.1982).

■ Ordinarily, compensation is a negotiable term and condition of employment. *In re Local 195, IFPTE, supra*, 88 *N.J.* at 403. Contrariwise, the substantive decision to transfer an employee is not negotiable. *Id.* at 417. In *Ridgefield Park Ed. Ass'n v. Ridgefield Park Bd. of Ed., supra*, the Supreme Court explained the law as follows:

> By way of preliminary observation, we note that PERC was correct in concluding that under the test set forth in *Dunellen Ed. Assn. v. Dunellen Bd. of Ed.*, 64 *N.J.* 17, 25 (1973) and *Englewood Bd. of Ed. v. Englewood Teachers Ass'n*, 64 *N.J.* 1, 7 (1973), and today reaffirmed in *State v. State Supervisory Employees Ass'n, supra*, 78 *N.J.* [54] at 67, teacher transfers and reassignments are not mandatorily negotiable terms and conditions of employment. That test defined negotiable terms and conditions of employment as those matters which intimately and directly affect the work and welfare of public employees and on which negotiated agreement would not significantly interfere with the exercise of inherent management prerogatives pertaining to the determination of governmental policy. *State v. State Supervisory Employees Ass'n, supra*, 78 *N.J.* at 67. The selection of the school in which a teacher works or the grade and subjects which he teaches undoubtedly have an appreciable effect on his welfare. However, even assuming that this effect could be considered direct and intimate, we find that this aspect of the transfer decision is insignificant in comparison to its relationship to the Board's managerial duty to deploy personnel in the manner which it considers most likely to promote the overall goal of providing all students with a thorough and efficient education. Thus, we find that the issue

of teacher transfers is one on which negotiated agreement would significantly interfere with a public employer's discharge of inherent managerial responsibilities. Accordingly, it is not a matter as to which collective negotiation is mandatory. [78 *N.J.* at 156]

■  Plaintiff on this appeal points out that the arbitrator's award did not preclude the transfer. Rather, it compelled defendant to compensate Williams on the same basis as a high school principal. Thus, plaintiff asserts that this case does not interfere at all with the managerial decision to make the transfer.

We cannot accept plaintiff's contention. If an arbitrator may order defendant upon making a transfer to continue to compensate an employee on the basis of a position she no longer fills, then clearly there will be a significant interference with governmental policy. Obviously, a board of education will be discouraged from making personnel transfers if the board will be compelled to pay additional compensation to make the transfer. This very case will illustrate the point. Under the arbitrator's award Williams must be paid at the rate of a high school principal. She in fact has been employed since the transfer as an elementary school principal. Presumably some other person has been serving as the high school principal and has been compensated at the 1.76 ratio. Thus, if the award is upheld, two persons will be paid at that ratio. Defendant and ultimately the taxpayer will pay dearly for the exercise of defendant's managerial prerogatives. Defendant and other boards of education will no doubt be instructed themselves in the future as to the consequence of exercising their prerogatives. In the circumstances we hold that the arbitrator could not determine whether defendant by its action had reduced Williams' rank and compensation in violation of the agreement. The arbitration significantly interfered with a determination of governmental policy by requiring defendant to pay Williams an amount in excess of that established by the collective bargaining agreement for her position.

The result we reach is in no way unfair to Williams. In this case there was no actual decrease in her current compensation at the time of the transfer. If there had been such a decrease, then she could have obtained relief under *N.J.S.A.* 18A:28–5. Further, after she was transferred she was entitled to compensation on the basis of an agreement negotiated by plaintiff with defendant. Thus, she has been compensated by defendant at a rate which plaintiff itself deemed reasonable for the position she has filled. Further, plaintiff, of course, upon expiration of each agreement with defendant has been free to seek additional compensation for the position of elementary school principal.

The order of July 31, 1981 is reversed. The matter is remanded to the Superior Court, Chancery Division, Union County, for entry of an order vacating the arbitration award.