190 N.J. Super. 354 (1982)
463 A.2d 948
RICHARD KLINGER, PETITIONER-APPELLANT,
v.
BOARD OF EDUCATION OF THE TOWNSHIP OF CRANBURY, MIDDLESEX COUNTY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 25, 1982.
Decided November 10, 1982.
*355 Before Judges BISCHOFF, J.H. COLEMAN and GAULKIN.
Cassel R. Ruhlman, Jr. argued the cause for appellant (Ruhlman, Butrym and Friedman, P.A., attorneys; Joseph F. Defino on the brief).
Philip H. Shore argued the cause for respondent (Golden, Shore, Zahn and Richmond, attorneys; John B. Wolf and Philip H. Shore on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for State Board of Education filed a statement in lieu of brief (Jaynee LaVecchia, Deputy Attorney General, of counsel and on the statement).
David W. Carroll filed an amicus brief for the New Jersey School Board Association (Susan Galente on the brief).
The opinion of the court was delivered by BISCHOFF, P.J.A.D.
The issue in this appeal is whether the reduction in petitioner's duties as a teacher from full-time to 7/10-time with a corresponding *356 reduction in salary violated his tenure and seniority rights.
In the 1978-79 school year respondent Board of Education of the Township of Cranbury (board) employed two full-time physical education teachers. Petitioner had been employed full-time in that capacity with the board for 21 years and Dora Bennett, a nontenured teacher employed in the same capacity, was in her third year of employment. Both teachers taught the same classes at the same time.
In April 1979 the board notified petitioner that as a result of a continued decline in enrollment, the resulting need for program reorganization and budget CAP constraints, his position for the 1979-80 school year would be reduced to 3 1/2 days a week and he would be paid seven-tenths of his full-time salary. The bona fides of the asserted reasons for the reduction in classes is not challenged.
Despite the recommendation of the principal to the contrary, the board determined to hire a second part-time teacher with the same reduced teaching load. Dora Bennett, the nontenured teacher, was hired for this part-time position. As in prior years, both teachers taught the same classes at the same time. The classes varied in size from a minimum of 15 to a maximum of 34, and it is undisputed that the same 3 1/2-day program could have been managed by a single teacher.
In August 1979 petitioner challenged the board's decision by filing a petition of appeal to the Commissioner of Education alleging that by reason of his tenure and seniority the board was required to retain him in a full-time position rather than employing both him and Dora Bennett as part-time teachers. The appeal was referred to an administrative law judge who held, after a hearing, that since the board had chosen to employ two 7/10-time teachers, it was obligated to retain petitioner as a full-time teacher. The administrative law judge recommended petitioner be reinstated to his full-time position and paid for his loss of salary (subject to mitigation for earnings received from alternative employment). The Commissioner adopted the recommendations *357 of the administrative law judge. On appeal to it, the State Board of Education reversed, stating:
The law is well established that unless the local board's action to reduce full-time positions to part-time was taken in bad faith or constituted an abuse of discretion, its determination to abolish or change positions may not be disturbed by the Commissioner of [sic] the Courts. [Citations omitted]. We do not find it arbitrary for a local board to decide when having to reduce its physical education program to have two part-time teachers rather than one full-time. Th [sic] tenure and seniority rights of an incumbent cannot prevail againt [sic] the authority of the board when exercised in good faith and with some rational basis. The mere fact that Petitioner was qualified to handle the entire physical education program on his own is not material; nor is the fact that the Board might have organized its physical education differently.
This appeal followed.
We were advised at oral argument that commencing with the school year 1980-81 the board reduced the number of physical education teachers to one, and petitioner was now teaching physical education classes 3 1/2 days a week alone.
On this appeal petitioner does not contest the board's right to reduce his position from full-time to part-time for reasons of economy, nor does he question the bona fides of the reason given for the reduction, that is, declining enrollment and budget constraints. Rather, petitioner concedes the budget concerns of the board are legitimate and contends it was arbitrary for the board to keep two part-time physical education teachers when the evidence is undisputed that one teacher could handle all the classes. He argues that since he had tenure and greater seniority he should have been retained as a full-time teacher and placed in charge of the entire program. We disagree.
The board in April and May 1979 terminated its full-time physical education program and replaced it with a 3 1/2-day program taught by two 7/10-time teachers. Whether of tenured or nontenured teachers, reduction in force is entirely within the authority of the board if done for reasons of economy. N.J.S.A. 18A:28-9 and N.J.S.A. 18A:28-10. In re Maywood Bd. of Ed., 168 N.J. Super. 45, 55 (App.Div. 1979), certif. den. 81 N.J. 292 (1979). Reduction in hours of employment is considered a reduction in force. Popovich v. Bd. of Ed., 1975 S.L.D. 737, 745.
*358 When the board abolished all full-time physical education teaching positions, there were no positions to which petitioner had a superior right by reason of seniority. N.J.S.A. 18A:28-10; cf. Seidel v. Ventnor City Bd. of Ed., 110 N.J.L. 31 (Sup.Ct. 1933), aff'd o.b., 111 N.J.L. 240 (E. & A. 1933); Kearny Bd. of Ed. v. Horan, 11 N.J. Misc. 751 (Sup.Ct. 1933). Since Bennett received no better treatment than petitioner, his seniority rights were not violated.
The board had chosen dual instruction in its physical education program for years. The fact that it preferred two teachers instead of one is no concern of the courts, and so long as petitioner was not treated inferiorly upon reduction in force, he has no legitimate complaint.
Had the board elected to use one instead of two physical education teachers, it is not at all clear that the schedule would have provided full-time as opposed to part-time employment for petitioner. In fact, later experience demonstrated it would not.
We find petitioner's challenges to alleged procedural deficiencies to be without merit.
The judgment of the State Board of Education is affirmed.