DR. FELICIA JAMISON, PLAINTIFF-RESPONDENT-CROSS-AP-
PELLANT, v. MORRIS SCHOOL DISTRICT BOARD OF
EDUCATION, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 9, 1985—Decided January 25, 1985.

Before Judges MATTHEWS, FURMAN and HAVEY.

*Robert M. Jacobs* argued the cause for appellant (*Winne, Banta, Rizzi, Hetherington & Basralian,* attorneys; *Joseph A. Rizzi* of counsel; *Robert M. Jacobs* and *Donald A. Klein,* on the brief).

*William L. Warren* argued the cause for respondent (*Warren, Goldberg, Berman & Lubitz,* attorneys; *Bruce Lubitz* of counsel; *William L. Warren* and *Mark Mattia,* on the brief).

The opinion of the court was delivered by

FURMAN, J.A.D.

Plaintiff was denied reemployment in her third year as vice principal for student affairs and discipline in the employ of defendant school board. In a prerogative writ action she attacked defendant's decision, charging a breach of the Open Public Meetings Act, *N.J.S.A.* 10:4-6 *et seq.* After a non-jury trial, the trial judge concluded that the act had been violated; that the written notice to plaintiff pursuant to *N.J.S.A.* 18A:27-10 that she would not be reemployed was a nullity; and that plaintiff was entitled to tenure and back pay as if she had had no notice that reemployment would not be offered to her, *N.J.S.A.* 18A:27-11. That judgment has been stayed pending appeal.

We are constrained to reverse. Plaintiff's nonreemployment was the result of a reduction in force of school administrators. As we said in *In re Maywood Board of Education,* 168 *N.J.Super.* 45, 55 (App.Div.1979), certif. den. 81 *N.J.* 292

(1979), "Reduction in force (RIF), whether of tenured or nontenured teachers, if done for reasons of economy, is entirely within the authority of the board. The relevant statutory provision so ordains. *N.J.S.A.* 18A:28–9."

Plaintiff's argument to the contrary that, despite the reduction in force of school administrators, she is entitled to tenure is dependent upon judicial invalidation of the closed board meeting of April 28, 1983, when the resolution to deny her reemployment was passed; of the open board meeting of June 6, 1983, when a motion to reverse that resolution was denied; and of the open board meeting of June 9, 1983 when a resolution was adopted "reaffirming [the] previous decision to reduce the administrative complement at the High School and, specifically, to eliminate the position of Vice-Principal for Discipline and Student Affairs, and reaffirming [the] decision not to renew the contract of plaintiff, Dr. Jamison."

■ Under *Maywood, supra,* a reduction in force is nonnegotiable and nongrievable. Review should be before the Commissioner of Education as a school-law dispute. In this proceeding plaintiff does not challenge on the merits defendant board's reduction in force of school administrators. The thrust of her argument is procedural: that she had no notice that the board at the April 28 meeting would consider whether to reemploy her and that the reaffirmances of that decision in June fell short of compliance with *N.J.S.A.* 10:4–15(a).

■ We reject plaintiff's argument that defendant's reduction in force of school administrators was a nullity because of noncompliance with the Open Public Meetings Act. *N.J.S.A.* 10:4–12(b)(8) vouchsafes two rights to a public employee who may be adversely affected by a personnel action or decision of his employer: (1) a right to privacy, that is, to a nonpublic discussion at a closed meeting, and (2) a right to a public discussion at an open meeting upon his request in writing. A public discussion in this sense is not an evidentiary hearing with the right to a specification of charges, to cross-examine and to other procedural safeguards.

■ Personnel action taken in a closed meeting may be beyond challenge. It is only voidable on the ground that the meeting was not open if it remained closed despite a request in writing for a public discussion by an employee whose rights were adversely affected; or if no notice was provided to an employee whose rights were adversely affected and who, conjecturally, would have requested a public discussion if he or she had had notice, as plaintiff claims she would have.

Plaintiff contends factually that because she had no notice that her employment status would be considered at the April 28 meeting, she had no opportunity to request a public discussion at an open meeting. Based upon the stipulated facts we disagree and conclude that adequate notice was provided to plaintiff.

■■ Notice to conform to the act need not be actual; it may be constructive, *Oliveri v. Carlstadt-E. Rutherford Bd. of Education,* 160 *N.J.Super.* 131 (App.Div.1978). Plaintiff was on notice that a board meeting would be held on April 28. Two days before she met for more than an hour with the Superintendent and Deputy Superintendent of Schools, who advised her that "a form letter was being sent by the Board to all non-tenured employees," of which she was one. What else was communicated to plaintiff at that meeting was disputed in the testimony and not resolved by the trial judge. As a nontenured teacher school administrator plaintiff was subject to *N.J.S.A.* 18A:27–10, which provides that:

> On or before April 30 in each year, every board of education in this State shall give to each nontenure teaching staff member continuously employed by it since the preceding September 30 either
>
> a. A written offer of a contract for employment for the next succeeding year providing for at least the same terms and conditions of employment but with such increases in salary as may be required by law or policies of the board of education, or
>
> b. A written notice that such employment will not be offered.

■ Plaintiff had received offers of reemployment in writing in her two previous years in defendant board's employ. A third

such offer of reemployment would have resulted in a so-called tenure contract, vesting her with tenure upon her starting a fourth academic year, *N.J.S.A.* 18A:28–5. Presumptively she was focused upon the immediacy of the pending board resolution of her employment and tenure status. The trial judge's factual conclusion that plaintiff did not realize the significance of the date April 30 must be rejected as incredible.

We need not rest our reversal solely upon the adequacy of the notice to plaintiff of the April 28 meeting. *N.J.S.A.* 10:4–15(a), provides that governmental action taken in violation of the Open Public Meetings Act may be corrected or remedied by action *de novo* at a meeting held in conformity with the act. That was accomplished at the June 6 meeting and ratified at the June 9 meeting.

Plaintiff raised no objection under the Open Public Meetings Act to the decision to deny her reemployment, until the filing of her prerogative writ complaint on June 13, 1983. Meanwhile, she requested an informal hearing pursuant to *N.J.A.C.* 6:3–1.-20 and was provided on May 13 with a statement of reasons for her nonreemployment, that is, the effectuation of an administration reorganization at a fiscal saving through a reduction in force of school administrators, the elimination of her position, and her relative seniority below that of tenured school administrators. *N.J.A.C.* 6:3–1.20 implements *Donaldson v. Bd. of Ed. of No. Wildwood*, 65 *N.J.* 236 (1974), which held that a nontenured teacher was entitled to a statement of reasons for her nonreemployment, although not to a formal hearing, and suggested that "a timely request for informal appearance before the board should ordinarily be granted."

A hearing was held in an open board meeting on June 6. After a statement and testimony on plaintiff's behalf, a motion to reverse the board's decision of April 28 was defeated by seven to one. The seven members explained on the record the basis for their votes, in accordance with the board's statement of reasons of May 13. Formal reaffirmance of the April 28

decision was deferred until June 9 and voted then in open meeting. The action taken on June 6 and June 9, as well as on April 28, was justified as a reduction in force for reasons of economy within the exclusive authority of the board under *Maywood, supra.* The statutory requirement of *de novo* action was met on June 6 and 9, without need for further rationale or amplification.

■ Because of the stay pending appeal, plaintiff has not resumed employment as a school administrator in defendant's school district. She would not have been vested with tenure until sometime in September 1983 at the start of a fourth year as a school administrator, *Canfield v. Board of Ed. of Pine Hill Borough,* 51 *N.J.* 400 (1968), rev'g on dissenting op. 97 *N.J.Super.* 483, 490 (App.Div.1967). A nontenured teacher claiming the benefit of *N.J.S.A.* 18A:27–11 is still subject to the board's broad right to reduce force pursuant to *N.J.S.A.* 18A:28–9, *Old Bridge Bd. of Educ. v. Old Bridge Educ. Ass'n,* 193 *N.J.Super.* 182, 187 (App.Div.1984).

We reverse and remand for entry of judgment dismissing the complaint.