731 A.2d 538 (1999)
322 N.J. Super. 522
Edward CARPENITO, Petitioner-Respondent,
v.
BOARD OF EDUCATION OF the BOROUGH OF RUMSON, MONMOUTH COUNTY, Respondent-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued June 16, 1999.
Decided June 29, 1999.
*539 J. Peter Sokol, for respondent-appellant (McOmber & McOmber, P.C., Red Bank, attorneys; Mr. Sokol, of counsel and on the brief).
Richard A. Friedman, for petitioner-respondent (Zazzali, Zazzali, Fagella & Nowak, attorneys; Rachel S. Flanagan, Long Branch, on the brief).
Arlene Goldfus Lutz, Deputy Attorney General, for the State Board of Education (John J. Farmer, Jr., Attorney General, attorney; Ms. Lutz, on the brief).
Cynthia J. Jahn, Director, Legal Department, for amicus curiae New Jersey School Boards Association (Michael F. Kaelber, Trenton, on the brief).
Before Judges KING, WALLACE and NEWMAN.
The opinion of the court was delivered by *540 NEWMAN, J.A.D.
This appeal raises the issue of a tenured teacher's seniority and tenure rights under the Tenure laws, N.J.S.A. 18A:28-1 to -18, when a board of education hires a non-tenured teacher to fill a position previously held by the tenured teacher before the position was abolished. The tenured teacher was not dismissed by the board, but transferred to a full-time teaching position of different subjects within the teacher's certification and without any loss of salary or other tangible benefits of employment. Under this scenario, the tenured teacher had no seniority rights to the former teaching position and the State Board of Education erred in so concluding. We, therefore, reverse, reinstating the non-tenured teacher to the position.

I.
Edward Carpenito (Carpenito) is a tenured teaching staff member employed by appellant, the Rumson Board of Education (Board), since January 22, 1974. Carpenito maintains an instructional certificate with endorsements to hold a position as principal and to teach English, social studies and sciences from kindergarten through twelfth grades. In the 1981-86 school years, Carpenito taught social studies and computers for grades six through eight. In the 1987-1993 school years, he essentially taught seventh-grade social studies. He also taught English in the 1989-90 school year and health in the 1992-93 school year.
The stipulated facts are as follows: Prior to the commencement of the 1993-94 academic year, Carpenito's seventh-grade social studies position was eliminated due to declining enrollment.[1] As a result of the elimination of that position, Carpenito was assigned to teach computer applications to seventh and eighth grade students, in addition to health and basic skills courses, on a full-time basis during the 1993-94 school years. During the 1994-95 and 1995-96 school years, Carpenito was assigned to teach computer applications to grades four through eight, as well as a basic skills course. Carpenito suffered no loss of salary or reduction of tangible employment benefits as a result of the transfer.
In April 1995, the Board posted a number of positions, including a reinstated seventh-grade social studies teaching position, the same designation previously taught by Carpenito. Carpenito applied for this position. In May 1995, a non-tenured teacher from outside the Rumson school district was appointed to the social studies teaching position.
On August 14, 1995, Carpenito filed a petition with the Commissioner of Education (Commissioner), alleging that his tenure and seniority rights had been violated when the Board failed to assign him to the reinstated social studies teaching position. The Board filed an answer, contending that, pursuant to N.J.S.A. 18A:25-1, it has an unfettered right to transfer teaching staff members between and among appropriate assignments subject only to the limitation that such assignments be consistent with the teaching staff member's instructional certificate and subject area endorsements.
The Commissioner determined that, because Carpenito's employment was not terminated, he did not suffer a reduction in salary, and was transferred to a teaching position for which he was properly certified, a reduction in force did not take place, and therefore, N.J.S.A. 18A:28-12, the seniority regulations, were not implicated. Instead, the Commissioner found *541 that the Board had acted pursuant to its managerial prerogative to transfer teaching staff members, and that petitioner had failed to establish that such transfer was otherwise improper.
Carpenito filed a notice of appeal with the State Board of Education (State Board). The State Board's Legal Committee (Committee) issued a decision, initially disagreeing with the Commissioner's determination that petitioner had not been subject to a reduction in force, but agreeing with the ultimate determination to dismiss the petition. The Committee concluded that petitioner was not entitled to the re-created position as against the non-tenured teacher, notwithstanding the fact that petitioner was serving as a teacher of social studies at the time of the transfer, reasoning that, even in the absence of a reduction in force, the Board could have reassigned petitioner without his consent from his social studies assignment to any other teaching assignment within the scope of his instructional certificate.
The Committee later issued a revised report, this time recommending that the Commissioner's decision be reversed. The Committee reasoned that "the Board could not appoint a tenured teacher to that position who had less seniority than [Carpenito] in the applicable category," ... "[n]or could the Board dilute petitioner's tenure rights by affording a non-tenured teacher `seniority' in that position."
The State Board, agreeing with the Committee's revised report, reversed the decision of the Commissioner and directed the Board to reassign Carpenito to the position teaching seventh-grade social studies. In reversing the Commissioner's decision, the State Board determined that a reduction in force occurred when the Board eliminated Carpenito's seventh-grade social studies teaching position prior to the 1993-94 school year. The State Board reasoned that:
This is not a case in which the Board, as it now urges, simply `transferred [petitioner] from one teaching position to another teaching position.' Rather, the Board acted to eliminate one social studies teacher pursuant to the authority granted it by N.J.S.A. 18A:28-9 prior to the commencement of that school year. The fact that petitioner's employment was ultimately continued in another full-time assignment without any reduction in his compensation does not nullify such action, although it may affect the relief to which he is entitled.

[ (citations omitted) ].
The State Board concluded that the Board's failure to place Carpenito on a preferred eligibility list in the order of seniority and reassign him to the reinstated social studies position violated his tenure and seniority rights. Citing to its decision affirming the Commissioner in Fallis v. Plainfield Board of Education, 1985 S.L.D. 281, and this court's decision in Bednar v. Westwood Board of Education, 221 N.J.Super. 239, 534 A.2d 93 (App.Div.1987), certif. denied, 110 N.J. 512, 541 A.2d 1371 (1988), the State Board determined that the Board could not appoint a tenured teacher, who had less seniority than Carpenito, to a position in the applicable category. It further noted that the Board could not dilute Carpenito's tenure rights by affording a non-tenured teacher "seniority" in the social studies teaching position.

II.
On appeal, the Board and amicus curiae, the New Jersey School Boards Association (NJSBA), argue that a reduction in force did not occur when Carpenito's position teaching social studies was abolished prior to the 1993-94 school year. According to the Board, a reduction in the number of teaching staff members employed must occur under N.J.S.A. 18A:28-9 as a condition precedent before a reduction in force takes place and before a preferred eligibility list is created pursuant to N.J.S.A. 18A:28-12. Because the number of teaching staff members employed by the Rumson school district was *542 not reduced by the elimination of the seventh-grade social studies teaching position, the Board urges that a reduction in force did not occur. The NJSBA contends that a reduction in force did not occur because Carpenito remained in a full-time teaching position within the scope of his certification, experiencing no loss of employment, position, or reduction in salary. We agree with the NJSBA and hold that, absent allegations of bad faith or unlawful purpose, a tenured teacher's seniority rights are not triggered when a school board abolishes the teacher's position and assigns the teacher to teach different subjects within his or her certification without reducing the teacher's salary or other employment benefit.
Carpenito, as a tenured teacher, is protected by the tenure provisions in the school laws, N.J.S.A. 18A:28-1 to -18 (Tenure laws), the purpose of which is to aid in the establishment of a competent and efficient school system by affording teaching staff members "a measure of security in the ranks they hold after years of service." Viemeister v. Prospect Park, Passaic County, Bd. of Educ., 5 N.J.Super. 215, 218, 68 A.2d 768 (App.Div.1949). The Tenure laws are an "important expression of legislative policy" and should be given "liberal support, consistent, however, with legitimate demands for governmental economy." Ibid. The ultimate administrative decision-maker in reviewing law concerning school matters is the State Board, whose determination should not be vacated absent a showing that the decision is arbitrary or capricious, that it lacks support in the record, or that it violates legislative policies expressed or fairly to be implied in the statutory scheme administered by that agency. Dore v. Board of Educ. of Bedminster Township, 185 N.J.Super. 447, 453, 449 A.2d 547 (App. Div.1982). Our review persuades us that the State Board's decision is inconsistent with express and implied policies underlying the Tenure laws.
Teaching staff members, including all teachers, principals, assistant principals, vice principals, superintendents, assistant superintendents and school nurses, who have acquired tenure, "shall not be dismissed or reduced in compensation except for inefficiency, incapacity, or conduct unbecoming such a teaching staff member or other just cause...." N.J.S.A. 18A:28-5 (emphasis added). The Tenure laws create exceptions to the protections afforded to tenured teaching staff members. A school board has the managerial prerogative to transfer teaching staff members by a majority vote of the board. N.J.S.A. 18A:25-1.
"Transfer" refers to the right of a school board to assign a teacher to a position within the scope of his or her certification. A tenured teacher may be involuntarily transferred to another position within his or her certification where no loss of salary or other reduction in employment is suffered and the teacher is not singled out for the transfer on a prohibited basis. See, e.g., Greenway v. Board of Educ. City of Camden, 129 N.J.L. 46, 28 A.2d 99 (Sup.1942), aff'd, 129 N.J.L. 461, 29 A.2d 890 (1943) (finding that transfer of tenured teacher from high school to junior high school without reduction of salary and without impacting tenure rights gave teacher no cause of action); Williams v. Plainfield Bd. of Educ., 176 N.J.Super. 154, 162-64, 422 A.2d 461 (App. Div.1980) (holding that transfer of high school principal to position of elementary principal without any immediate reduction in compensation nor a reduction in rank did not violate principal's tenure rights), certif. denied, 87 N.J. 306, 434 A.2d 62 (1981); Lascari v. Board of Educ. of Borough of Lodi, 36 N.J.Super. 426, 430, 116 A.2d 209 (App.Div.1955) (concluding that transfer of vice principal to regular teaching duties without reduction in salary was not a demotion or dismissal); Moore v. Cherry Hill Township Bd. of Educ., 92 N.J.A.R.2d (Vol.4) 585 (Div. on Educ.), aff'd, 93 N.J.A.R.2d (Vol.4) 173 (Div. on *543 Educ.) (determining that involuntary transfer of tenured teacher from position teaching reading in departmentalized junior high school to a position as third grade elementary teacher in connection with a district reorganization was not improper and teacher was not entitled to be returned to position); Ciarcia v. Trenton City Bd. of Educ., 1991 S.L.D. 1422 (rejecting seniority claim of art teacher, who was reassigned from secondary to elementary level as part of district reorganization, where teacher suffered no loss of employment or salary reduction as a result of the transfer); Stranzl v. Paterson Bd. of Educ., 2 N.J.A.R. 16 (Div. on Educ. 1980) (holding that tenure rights of elementary school principal were not violated when board involuntarily transferred principal from his position to the position of secondary school principal in the same district). A transfer is not a demotion or a dismissal under such circumstances. Indeed, transfers of teaching staff members are often advisable in the administration of schools for a variety of reasons.
Carpenito holds an instructional certificate with endorsements in English, social studies, and science. He also holds a tenure entitlement to any position for which a standard instructional certificate with any endorsement is the only necessary certification. The computer applications position to which he was assigned is such a position, because no particular certification, other than an instructional certificate, is required to teach computers. Taxman v. Board of Educ. of Piscataway Township, 92 N.J.A.R.2d (Vol.4) 189 (Div. on Educ.). Thus, the transfer of Carpenito to teach computer applications was within the scope of his certification.
When a school board deems it necessary to eliminate a position, "seniority" is a right afforded to tenured employees entitling the employee to either continue in an existing job opening based upon their longevity of employment or to be placed upon an eligible list for reemployment when a new position becomes available. Seniority is a by-product of tenure and comes into play only if tenure rights are reduced by way of dismissal or reduction in tangible employment benefits.
The "reduction-of-force" concept is embodied in N.J.S.A. 18A:28-9, which provides:
Nothing in this title or any other law relating to tenure of service shall be held to limit the right of any board of education to reduce the number of teaching staff members, employed in the district whenever, in the judgment of the board, it is advisable to abolish any such position for reasons of economy or because of reduction in the number of pupils or of change in the administrative or supervisory organization of the district or for other good cause ...

[N.J.S.A. 18A:28-9].
If done for proper reasons, such as "economy" or because of a reduction in the number of pupils enrolled, the effectuation of a reduction in force is entirely within the authority and discretion of the board. Klinger v. Cranbury Township Bd. of Educ., 190 N.J.Super. 354, 357, 463 A.2d 948 (App.Div.1982), certif. denied, 93 N.J. 277, 460 A.2d 678 (1983). Here, the stipulated reason for the elimination of Carpenito's position was due to a decline in enrollment, a permissible reason under N.J.S.A. 18A:28-9. N.J.S.A. 18A:28-10 provides that "[d]ismissals resulting from any such reduction shall not be made by reason of residence, age, sex, marriage, race, religion or political affiliation but shall be made on the basis of seniority according to standards to be established by the commissioner with the approval of the state board." The board of education must determine the seniority of the persons affected and notify each such person as to his or her seniority status. N.J.S.A. 18A:28-11. N.J.S.A. 18A:28-12 provides that where a tenured teaching staff member is dismissed as a result of such reduction:
"[S]uch person shall be and remain upon a preferred eligibility list in the order of *544 seniority for reemployment whenever a vacancy occurs in a position for which such person shall be qualified and he shall be reemployed by the body causing dismissal, if and when such vacancy occurs and in determining seniority, and in computing length of service for reemployment, full recognition shall be given to previous years of service...."

[N.J.S.A. 18A:28-12].
Citing to N.J.A.C. 6:3-5.1(i), the State Board and Carpenito contend that the "abolishment" of a position triggers seniority rights and the use of an eligibility list. The standards for determining seniority have been defined under N.J.A.C. 6:3-5.1, which states:
(i) Whenever any person's particular employment shall be abolished in a category, he or she shall be given that employment in the same category to which he or she is entitled by seniority. If he or she shall have insufficient seniority for employment in the same category, he or she shall revert to the category in which he or she held employment prior to his or her employment in the same category and shall be placed and remain upon the preferred eligible list of the category from which he or she reverted until a vacancy shall occur in such category to which his or her seniority entitled him or her.
....
(l) The following shall be deemed to be specific categories, not necessarily numbered in the order of precedence:
....
17. Secondary. The word "secondary" shall include grades nine through 12 in all high schools, grades seven and eight in junior high schools and grades seven and eight in elementary schools having departmental instruction;
....
18. Elementary. The word "elementary" shall include kindergarten, grades one through six and grades seven and eight without departmental instruction;
The meaning of a statute is first derived by an examination of its plain language. Chase Manhattan Bank v. Josephson, 135 N.J. 209, 225, 638 A.2d 1301 (1994). Where the language is clear and unambiguous, "it will be given effect `absent any specific indication of legislative intent to the contrary.'" Ibid. The "reduction-of-force" statute on its face contemplates a reduction in the number of teaching staff members employed in the district. While the Board's argument may be consistent with the plain language of the statute, such a construction is inconsistent with the overall theme of the Tenure laws, which suggests that the triggering of the seniority regulations should occur when a tenured teaching staff member is transferred to another position and suffers a loss of tangible employment benefits, such as a loss of salary or reduction in work hours, notwithstanding the fact that the actual number of teachers employed in the district has not been reduced.
In addition, although N.J.S.A 18A:28-12 speaks in terms of a "dismissal" and "reemployment," this provision should be read in conjunction with the section providing employment security to tenured teachers, N.J.S.A. 18A:28-5, which prohibits the dismissal or reduction in compensation of tenured teachers except for reasons and in the manner described therein. Similarly, N.J.A.C. 6:3-5.1(i) cannot expand beyond the limits of the Tenure laws from which it derives its implementing authority. Thus, the use of the word "abolish" in the administrative code must be read within the context of the authority of N.J.S.A. 18A:28-12. In so doing, the triggering event for preference based on seniority is either a dismissal or transfer coupled with a loss of a tangible employment benefit.
In support of Carpenito's rights over the non-tenured teacher appointed to teach social studies, reliance is placed upon this *545 court's emphasis that where a tenured employee is dismissed or reduced in his or her work hours during a reduction in force, the tenured employee seeking reinstatement within his or her certification is entitled to preference as against a non-tenured individual. Bednar, supra, at 241-43, 534 A.2d 93 (holding that seniority provisions of teacher tenure statute did not authorize retaining non-tenured teacher over tenured teacher, whose work hours were reduced during a reduction in force, solely because of non-tenured teacher's seniority in secondary school setting); Capodilupo v. Board of Educ. of West Orange Township, 218 N.J.Super. 510, 515, 528 A.2d 73 (App.Div.) (concluding that tenured teacher seeking reinstatement within his or her certificate is entitled to preference in a reduction in force against a non-tenured employee with same certification), certif. denied, 109 N.J. 514, 537 A.2d 1300 (1987). In both Bednar and Capodilupo, however, the tenured teacher suffered a loss of employment as a result of a reduction in force. In Bednar, the tenured teacher's working hours were reduced, and in Capodilupo the teacher's employment was terminated.
Here, Carpenito was neither dismissed nor was his salary reduced as a result of the Board's decision to assign him to a different position; he suffered no loss of employment. His employment was continued in other subjects within the scope of his certification. His seniority relative to non-tenured or tenured employees teaching social studies is irrelevant. Carpenito is not in need of further protection. Seniority rights are not triggered when a school board merely transfers or assigns its tenured teaching staff members to other positions within the teacher's appropriate certification.
A board of education must be permitted to maintain control over the administration of its schools where its conduct is in compliance with the tenor and spirit of the Tenure laws. An employee should not be permitted to remain in a desired position to subvert a school board's managerial authority to lawfully assign and transfer its staff within the scope of their certification, absent disciplinary reasons or bad faith. Nothing presented here suggests that the Board's transferring or refusal to reappoint Carpenito to the social studies position was made for an unlawful purpose.
In its decision, the State Board conceded that its decision "does not alter the ability of a district board to exercise its prerogative to reassign its teaching staff members within the scope of their instructional certificates." Thus, the Board can, notwithstanding this opinion, through its power to transfer its staff, assign Carpenito to any position consistent with his certification, including the position teaching computer applications. Certainly, the Board's conduct, which is otherwise lawful, cannot be overturned based upon the order in which it happened to exercise its authority.
In restoring Carpenito to the reinstated seventh-grade social studies teaching position, the State Board relied, in part, upon its decision affirming the Commissioner in Fallis v. Plainfield Board of Education, 1985 S.L.D. 281. To the extent that Fallis is inconsistent with this opinion, it is overruled.
Reversed.
NOTES
[1] While the Board does not object to the stipulation of facts, it notes that its counsel had no information to suggest that the reason for the elimination of the social studies class was due to declining enrollment. In its appellate brief, the Board noted that the decision was made because it decided not to separately offer social studies following the conclusion of the 1992-93 school year. No challenge has been advanced to the validity of the Board's decision.