**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4870-15T3

LOURDES VIDAL-TURNER and
C. DEDRA WILLIAMS,

    Petitioners-Appellants,

v.

BOARD OF EDUCATION OF ATLANTIC
CITY, ATLANTIC COUNTY,

    Respondent-Respondent.

_____

        Argued August 1, 2017 — Decided August 17, 2017

        Before Judges Sabatino and Whipple.

        On appeal from Commissioner of Education,
        Docket No 284-9/15.

        Keith Waldman argued the cause for appellants
        (Selikoff & Cohen, PA, attorneys; Mr. Waldman,
        of counsel and on the brief; Stephen B.
        Walton, on the brief).

        Rachel M. Conte argued the cause for
        respondent (Law Offices of Riley and Riley,
        attorneys; Tracy L. Riley and Ms. Conte, on
        the brief).

        Christopher S. Porrino, Attorney General,
        attorney for respondent New Jersey
        Commissioner of Education (Geoffrey N. Stark,

Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Petitioners Lourdes Vidal-Turner and C. Dedra Williams, tenured supervisors with the Atlantic City Board of Education (Board), appeal from a June 16, 2016 decision of the Commissioner of Education reducing their monthly salaries after their employment was reduced from twelve-month positions to ten-month positions as part of a reduction in force (RIF). We affirm.

The Board hired Vidal-Turner effective September 1, 1989 to teach English as a Second Language. The Board hired Williams effective September 1, 1994 as an English teacher. In 2002, the Board promoted Vidal-Turner to a twelve-month position as a supervisor; Williams was promoted in 2007. Both petitioners worked as supervisors thereafter until June 30, 2015.

The State Appointed Fiscal Monitor for the Atlantic City School District instituted a RIF effective July 1, 2015. As a result, Vidal—Turner and Williams's twelve-month supervisor positions for the 2015-2016 school year were eliminated. Both petitioners were assigned ten-month positions and suffered a reduction in salary.

On September 16, 2015, petitioners appealed to the Commissioner of Education arguing the Board violated their tenure

and seniority rights. The matter was subsequently transferred to the Office of Administrative Law. Relying on a joint stipulation of facts, the Administrative Law Judge (ALJ) found in the Board's favor entering a summary decision on May 5, 2016. The ALJ determined the RIF was an appropriate exercise of the district's discretion under N.J.S.A. 18A:28-9, performed in good faith and for reasons of economy. The State Appointed Fiscal Monitor instituted the RIF because of a budgetary crisis and the petitioners had been re-hired as required by law.

Petitioners filed exceptions to the ALJ's decision, arguing the ALJ erred permitting the Board to reduce compensation below 10/12ths of their pre-RIF salaries. They also argued they had not been re-hired by the Board, but had been merely reassigned.

On June 16, 2016, the Commissioner issued a final agency decision adopting the ALJ's decision and dismissing the petitions. The Commissioner ultimately agreed with the ALJ, with the exception that petitioners had not been fired and rehired but were reassigned to new positions based on their seniority in accordance with N.J.S.A. 18A:28-1.1. Nonetheless, the Commissioner determined petitioners were not entitled to retain their supervisor salaries in their reassigned positions. This appeal followed.

On appeal, petitioners argue the Commissioner erred finding the Board did not violate the petitioner's tenure and seniority rights and applied precedent incorrectly. We disagree.

Petitioners concede N.J.S.A. 18A:28-9 allows the Board to engage in a RIF for reasons of economy and also concede the validity of the RIF in this instance; however, they assert N.J.S.A. 18A:28-5 protects tenured school board employees from reductions to their compensation below their monthly rate. In other words, petitioners agree the Board can reassign them from a twelve-month position to a ten-month position but argue under N.J.S.A. 18A:28-5 their monthly salary must remain the same.

"Generally, courts accord substantial deference to the [interpretation] given to a statute by the agency charged with enforcing that statute." Bd. of Educ. v. Neptune Twp. Educ. Ass'n, 144 N.J. 16, 31 (1996) (citing Merin v. Maqlaki, 126 N.J. 430, 436-37 (1992)). However, "[a]n appellate tribunal is . . . in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973).

It is well established a statute's plain language is the clearest indication of its meaning. Bergen Commercial Bank v. Sisler, 157 N.J. 188, 202 (1999) (citing Nat'l Waste Recycling, Inc. v. Middlesex Co. Improvement Auth., 150 N.J. 209, 223 (1997);

4

State v. Szemple, 135 N.J. 406, 421 (1994); Merin, supra, 126 N.J. at 434). When interpreting a statute, our "overriding goal is to give effect to the Legislature's intent." State v. D.A., 191 N.J. 158, 164 (2007) (citing DiProspero v. Penn, 183 N.J. 477, 492 (2005)). The best indicator of that intent is "the plain [statutory] language chosen by the Legislature." State v. Perry, 439 N.J. Super. 514, 523 (App. Div.) (quoting State v. Gandhi, 201 N.J. 161, 176 (2010)), certif. denied, 222 N.J. 306 (2015). However, when a "'literal interpretation of individual statutory terms or provisions' would lead to results 'inconsistent with the overall purpose of the statute,' that interpretation should be rejected." Hubbard v. Reed, 168 N.J. 387, 392-93 (2001) (quoting Cornblatt v. Barrow, 153 N.J. 218, 242 (1998)).

The tenure statue, N.J.S.A. 18A:28-1 to -18, is designed to protect tenured teachers by providing "a measure of security in the ranks they hold after years of service." Viemeister v. Bd. of Educ. of Prospect Park, Cty. of Passaic, 5 N.J. Super. 215, 218 (App. Div. 1949). In Carpenito v. Bd. of Educ. of Borough of Rumson, Monmouth Cty., 322 N.J. Super. 522, 531 (App. Div. 1999), interpreting the aforementioned statute, we said seniority rights were not triggered when a school board transfers tenured staff members to other positions within the teacher's appropriate certification without reducing the teacher's salary or other

employment benefits. "Seniority is a by-product of tenure and comes in to play if tenure rights are minimized by dismissal or reduction in benefits." Ibid. In Klinger v. Bd. of Educ. of Twp. of Cranbury, Middlesex Cty., 190 N.J. Super. 354, 357 (App. Div. 1982), certif. denied, 93 N.J. 277 (1983), we held a reduction in hours of employment is considered a RIF. Here, petitioners' supervisory positions were eliminated and due to their seniority, they were reassigned to teaching positions.

Petitioners argue their reassignment from twelve-month positions to ten-month positions as a result of a RIF requires the school board to only reduce their salaries to a prorated amount. Petitioners cite Stolte v. Bd. of Educ. of the Twp. of Willingboro, Burlington Cty., No. 406-8/80A, initial decision, (May 13, 1981), for the proposition petitioner's salaries should have remained the same after reassignment.[1] Stolte did not involve transfers as a result of a RIF.

N.J.S.A. 18A:28-9, the RIF statute, provides:

> Nothing in this title or any other law relating to tenure of service shall be held to limit the right of any board of education to reduce the number of teaching staff members, employed in the district whenever, in the judgment of the board, it is advisable to abolish any such positions for reasons of

---

[1] Petitioners also cite unpublished administrative decisions, which do not constitute precedent, nor are they binding. R. 1:36-3.

economy or because of reduction in the number
of pupils or of change in the administrative
or supervisory organization of the district
or for other good cause upon compliance with
the provisions of this article.

Here, the petitioners were transferred to positions with a lower salary range than the supervisory positions that were eliminated, and are only entitled to be within the range for teaching positions commensurate with their tenure and experience. Petitioners concede their supervisory positions could be eliminated pursuant to a RIF, but assert if reassigned to lower paying positions their tenure rights require their salary cannot be diminished, only prorated. Such an argument renders an absurd result because it would limit the ability of the school board to exercise its judgment to allocate resources for reasons of economy.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4870-15T3