**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4186-17T1

CONSTANCE CENTRELLA,

    Plaintiff-Appellant,

v.

PROSPECT PARK BOARD
OF EDUCATION,

    Defendant-Respondent.

_____

Argued telephonically May 1, 2019 – Decided May 17, 2019

Before Judges Nugent, Reisner and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-2651-17.

William P. Hannan argued the cause for appellant (Oxfeld Cohen, PC, attorneys; William P. Hannan, of counsel and on the briefs).

Albert C. Buglione argued the cause for respondent (Buglione, Hutton & DeYoe, LLC, attorneys; Jeffrey R. Merlino, on the brief).

PER CURIAM

Plaintiff Constance Centrella appeals from two April 9, 2018 orders denying her summary judgment motion and granting summary judgment in favor of defendant Prospect Park Board of Education (Board). The appeal presents solely legal issues, as to which our review is de novo. Kean Fed'n of Teachers v. Morell, 233 N.J. 566, 583 (2018). We affirm both orders.

The record of this appeal can be summarized as follows. Plaintiff challenged the Board's June 27, 2017 resolution (resolution) eliminating her position of speech language specialist and terminating her from tenured employment for budgetary reasons. There is no dispute that the Board gave plaintiff appropriate notice of the proposed personnel action (the Rice notice).[1] In response, plaintiff notified the Board that she wanted the matter discussed at the public portion of the meeting rather than privately in executive session. See N.J.S.A. 10:4-12(b)(8) (permitting a public body to exclude the public from its discussion of a personnel matter, unless a potentially adversely-affected employee requests a public discussion).

---

[1] Plaintiff abandoned her claim challenging the Rice notice. See Rice v. Union Cty. Reg'l High Sch. Bd. of Educ., 155 N.J. Super. 64 (App. Div. 1977).

The proposed termination of plaintiff's position was listed on the Board's publicly available agenda in the following language, which explained the reasons for the recommended action:

> WHEREAS, N.J.S.A. 18A:28-9 provides that a board of education has the right to reduce the number of positions . . . for reasons of economy or because of reduction in the number of pupils or of change in the administrative or supervisory organization of the district or for other good cause upon compliance with the provisions of this article; and WHEREAS, for reasons of economy, change in the number of special education pupils requiring speech language services and change in administrative or supervisory organization of the District and for other good cause, the Superintendent recommends that the position of Speech Language Pathologist be abolished with an effective date of August 31, 2017; and NOW BE IT RESOLVED that the Board of Education, upon the recommendation of the Superintendent, approves the abolishment of the positon of Speech Language Pathologist effective August 31, 2017, for reasons of economy, change [i]n the number of special education pupils requiring speech language services and change in administrative or supervisory organization of the District and for other good cause.

Without discussion, the Board voted to approve the resolution, along with fourteen additional resolutions concerning other employees. According to the Board Secretary's unrebutted certification, the fifteen resolutions were moved and seconded as a bloc. Then, "a call for discussion amongst Board members

3

was made and the Board members had no comments." The Board then voted to approve the resolutions. The Board did not permit plaintiff to comment on the resolution prior to the vote, although she was permitted to speak later during the public comment portion of the meeting.

As in the trial court, plaintiff contends on appeal that the Board violated the Open Public Meetings Act (OPMA), N.J.S.A. 10:4-6 to -21, because it did not discuss the resolution before voting on it. Plaintiff also contends the Board should have permitted her to comment on the proposed action before the Board voted on it. Like the trial court, we find no merit in either argument.

In Kean Federation of Teachers, the Supreme Court stated that OPMA, N.J.S.A.10:4-12(b)(8), gives an employee who may be adversely affected by Board action the right to demand that any discussion of that proposed action be conducted in the public portion of the meeting rather than in executive session. 233 N.J. at 584-85. However, the Court did not hold that OPMA requires a Board to engage in discussion of the proposed action during the meeting. Id. at 586. In fact, the following language clearly signals a different conclusion:

> [P]ublic bodies routinely approve recommendations in public meetings without discussion and must rely on advice from professional staff to make decisions. . . .

A-4186-17T1

Forcing public bodies to issue <u>Rice</u> notices and robustly discuss all personnel matters, as the Appellate Division intimated, would intrude on a public body's prerogative as to how to conduct its meetings. . . . .

The OPMA does not contain a requirement about the robustness of the discussion that must take place on a topic.  Here, members of the public were able to witness the Board's public vote on faculty reappointments and thus have a base of information on which they can express views to the Legislature and others responsible for appointments to the Board regarding the adequacy, or inadequacy, of the discussion of Board business.  But the robustness of a debate on a particular item discussed in public session is not a topic addressed in the OPMA.  It is beyond the existing requirements of the OPMA.  If a discussion of a certain length or quality is to be mandated, the OPMA requires amendment by the Legislature, not by the courts.

[<u>Kean Fed. of Teachers</u>, 233 N.J. at 587-88 (citations omitted).]

We conclude that <u>Kean</u> is dispositive here, and plaintiff's attempts to distinguish the case are unpersuasive.  Contrary to plaintiff's argument, N.J.S.A.10:4-12(b)(8) does not mandate that a public entity engage in any particular level of discussion at a public meeting.  Rather, this section of OPMA gives a public employee the right to require the public entity to conduct its discussion, if any, in public rather than in executive session.  In this case, after the resolutions were moved and seconded, there was a formal "call for

5

discussion," but the Board members had no comments on any of the resolutions. Contrary to plaintiff's argument, neither OPMA nor Kean required the Board members to engage in a discussion.

Plaintiff's reliance on Rice and Jamison v. Morris School District Board of Education, 198 N.J. Super. 411 (App. Div. 1985), is likewise misplaced. Neither of those cases addresses the level of discussion in which a Board must engage at a public meeting. Plaintiff also speculates that the resolution concerning her employment must have arisen from some improper private discussion the Board held before the meeting. But the resolution itself recites that the Superintendent of Schools recommended abolishing plaintiff's position for economic reasons. [2] Lastly, plaintiff cites no legal authority to support her claim that she was entitled to speak at the meeting before the Board voted on the resolution, and the argument does not warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Plaintiff did not challenge the substance of the Board's decision to eliminate her position. That is, her lawsuit did not claim that the Board lacked good faith budgetary reasons for its decision.